[L. A. No. 16861.   In Bank.—October 25, 1938.]

BURTHOLD WIDENER (H. PARK ARNOLD, Administrator, etc., Substituted Plaintiff), Respondent, v. TIMOTHY T. HARTNETT, Appellant.

Dan M. Critchly and D. Joseph Coyne for Appellant.

M. B. Towman and Holbrook & Tarr for Respondent.

THE COURT.—This action was brought to set aside a conveyance and assignment of real and personal property made by defendant Timothy Hartnett to his wife, defendant Emma Hartnett, for the alleged purpose of defrauding his creditors. Plaintiff had judgment. Defendant Timothy Hartnett appealed. Plaintiff now moves to dismiss the appeal or affirm the judgment. No substantial question is presented by the appeal.

Appellant's first contention is that plaintiff had no right to maintain this action because it was predicated upon a judgment which had not become final when the complaint herein was filed. The following facts will reveal the basis for this claim: In a prior action plaintiff sued appellant and his alleged employer to recover for personal injuries and damage to property sustained as the result of an automobile collision. Plaintiff had judgment against appellant for the sum of $5,790.60, interest, and costs, but a nonsuit was entered in favor of appellant's employer. Plaintiff appealed from the order granting the nonsuit and, in so doing,

worded his notice of appeal in such manner that it might appear to also have included an appeal from the judgment in his favor and against appellant. That appeal, or purported appeal, was pending when the present action was commenced, but it was abandoned about a month after the complaint was filed and more than a year prior to entry of judgment herein. On two occasions prior to the filing of the present action, and on one later occasion, writs of execution were issued on the prior judgment against appellant, and were returned unsatisfied, without attempt by appellant at any time to quash the writs or to prevent plaintiff from endeavoring to collect on the prior judgment on the ground that a purported appeal therefrom was pending. These facts do not sustain appellant's charge that the present action was premature.

It is not a prerequisite to a judgment creditor's right to bring suit to set aside fraudulent conveyances that the judgment obtained by him against his debtor shall have become final by affirmance on appeal or by the lapse of time within which an appeal might have been taken. The creditor may attack the transfer as fraudulent when he has reduced his claim to judgment and has endeavored without avail to collect it by execution. (*Kemp* v. *Lynch,* 8 Cal. (2d) 457 [65 Pac. (2d) 1316]; *Rossen* v. *Villanueva,* 175 Cal. 632 [166 Pac. 1004]; *Jenner* v. *Murphy,* 6 Cal. App. 434 [92 Pac. 405]; 7 Cal. Jur., pp. 795, 796; 12 Cal. Jur., p. 1034.)

Appellant concedes that this rule applies where an appeal from the judgment in favor of the creditor is taken by the judgment debtor and execution is not stayed by posting a *supersedeas* bond. But appellant urges that the rule does not apply in a situation like the present one where the appeal is by the *prevailing* party (referring to plaintiff's purported appeal from the judgment in his favor and against appellant). In the case of an appeal by the prevailing party, appellant urges no *supersedeas* bond is required because the appeal itself operates as a stay suspending the judgment, and during the pendency of the appeal and until the judgment becomes final, the judgment creditor cannot maintain an action to set aside fraudulent conveyances. Appellant asserts this position in the face of the fact, already noted, that here proceedings were not stayed, but over the period

from April, 1932, to April, 1938, three separate executions were issued on the judgment and returned unsatisfied, without effort on appellant's part to recall or quash the writs or to prevent plaintiff from trying to collect on the judgment.

Appellant's contention is without merit. It is completely answered by the trial court's finding herein to the effect that the prior judgment against appellant was final and conclusive; that no appeal therefrom was pending; and that the appeal which had been taken against appellant's codefendant had been duly abandoned. This finding is correct. The record shows that plaintiff's appeal from the order of nonsuit was not intended to include, and did not include, an appeal from the judgment in his favor and against appellant. ■ A party cannot appeal from a judgment in his favor. This is the general rule and although it may have exceptions, the present case does not fall within that category. (*Maxwell Hardware Co.* v. *Foster*, 207 Cal. 167, 170 [277 Pac. 327].)

■ The remaining contention of appellant concerns the sufficiency of the evidence to support the findings and judgment. The trial court found that about October 1, 1936, appellant attempted to transfer and convey to his wife by way of gift certain real property in Los Angeles, together with his interest in the estate, then in probate, of his deceased father. The court found that the sole consideration for the conveyance was, as expressed in the instrument, "love and affection"; that appellant had no other money or property out of which to satisfy plaintiff's judgment; that both appellant and his wife knew that the conveyance would leave appellant insolvent; and that the conveyance was made by appellant, with the full knowledge of the wife, to hinder, delay, and defraud his creditors, particularly plaintiff. Further the court found that appellant has continued to occupy the real property and also that as a means of avoiding the writ of execution levied upon appellant's interest in his father's estate, the payments provided by the father's will have been made to the wife.

These findings are fully supported by the evidence. Upon trial of the cause documentary proof was introduced, and in addition thereto both appellant and his wife were called to the witness stand by plaintiff under section 2055 of the Code of Civil Procedure. Although they pleaded the privilege

accorded by their relationship of husband and wife, and this somewhat limited the scope of their examination, nevertheless the making of the gift conveyance was shown as well as the fact that it left appellant insolvent. Testimony was also admitted with respect to appellant's continued residence upon the real property, and his continued interest in his father's estate. This evidence clearly established that the conveyance was fraudulent and void as to appellant's existing creditors. (Secs. 3439 and 3442, Civ. Code; see, also, *Tobias* v. *Adams,* 201 Cal. 689 [258 Pac. 588].)

The judgment is affirmed.