[Civ. No. 10925.   First Appellate District, Division Two.—November 22, 1938.]

GERTRUDE OZMUN HUGHES, etc., Respondent, v. ELIAS A. HEFFNER et al., Appellants.

C. W. Humphreys and Archer B. Dorman for Appellants.

I. Moidel and Mitchel Moidel for Respondent.

STURTEVANT, J.—The plaintiff commenced an action in equity against Elias A. Heffner, Minnie E. Heffner, his wife, and Harry Ashton as trustee of the estate of Elias A. Heffner, bankrupt. Both Elias A. Heffner and Minnie E. Heffner appeared and demurred. Their demurrers were overruled and each answered. The record shows no pleading or appearance by Harry Ashton as trustee of the estate of Elias A. Heffner, bankrupt. The Heffners will hereinafter be called the defendants. After a trial in the superior court, findings were made in favor of the plaintiff and a judgment based thereon was entered in her favor. The Heffners filed a notice of appeal which recites that they appealed from the order overruling their demurrers and from the judgment in favor of the plaintiff. They have brought up only the judgment roll.

The orders overruling their demurrers were not appealable (Code Civ. Proc., sec. 963), and need not be further discussed. Their demurrers were both general and special, but after the orders made overruling them the defendants answered and thereby they waived all objections except that the plaintiff's complaint did not state facts sufficient to constitute a cause of action. (*Lynch* v. *Gagnon,* 96 Cal. App. 512, 516 [274 Pac. 584].) We will not pause therefore to discuss the objections presented by the special demurrers.

On this appeal the first point made by the defendants is that the complaint does not state facts sufficient to constitute a cause of action. We think there is no merit in the point. The plaintiff alleged the following facts. On the 3d day of September, 1937, Elias A. Heffner was adjudged a

bankrupt and Harry Ashton was appointed trustee of his estate and plaintiff was granted permission by the United States District Court to sue said trustee. Elias A. and Minnie E. Heffner are husband and wife. On April 8, 1921, plaintiff and defendants entered into an agreement to purchase the property known as 626 South Vermont Avenue, Los Angeles, California, for $28,000, of which sum the Heffners were to pay $8,000 and the plaintiff $20,000, and in consideration of the plaintiff investing said sum the Heffners agreed to give the plaintiff an option to purchase their interest for $8,000 plus interest at the rate of 7 per cent per annum from April 8, 1921, and that the plaintiff could accept said option at any time and that time was not of the essence of the option. A contract of purchase was made with G. Allen, the seller. The defendants executed and acknowledged said option. The plaintiff in due time paid the said sum of $20,000. That is the defendants, as the agents of the plaintiff, made the payments out of the plaintiff's funds. Later the plaintiff also paid for improvements, additions, and repairs the sum of $3,625. Except for said option the plaintiff would not have invested in said property. The $8,000 contributed by the defendants was the separate property of Minnie E. Heffner. On March 14, 1924, the seller executed a deed conveying the title to the Heffners. On February 21, 1936, Elias A. Heffner conveyed all of his interest to Minnie E. Heffner as her separate property. The legal title to said property is now vested in her but she is holding in trust for the use and benefit of the plaintiff the latter's $20,000 interest. In 1935 the plaintiff in an action then pending sought an accounting against the defendants, as her trustees and agents, of the management of her properties and funds from January 15, 1921, until September 15, 1932. In the action last named, on September 29, 1936, a judgment was awarded against the defendants and in favor of the plaintiff revoking their powers and ascertaining and determining that the defendants were indebted to the plaintiff in the sum of $57,162.91 for moneys had and received, together with interest in the further sum of $15,338.52. The court further found that the trusteeship continued from January 15, 1921, to September 15, 1932. Continuing, the court, in said action, found and determined that the delay in making said accounting was brought about by the acts of these defendants. On September 30, 1936,

judgment in said action was entered in favor of the plaintiff for the sum of $72,501.43. On August 16, 1937, plaintiff informed the defendants that she accepted the above-mentioned option and offered them a partial satisfaction of said judgment in the sum of $20,000 and demanded that they convey the above-mentioned real estate to her. The defendants failed to do so. Subsequent to the commencement of this action the plaintiff caused to be filed a partial satisfaction of said judgment in the sum of $20,000 in favor of defendants. Said tender was fair and adequate. The plaintiff has done and performed all things by her to be done and performed under said option. On March 7, 1933, the defendant Minnie E. Heffner executed, acknowledged and filed a declaration of homestead on the real estate designated above as 626 South Vermont Avenue. The plaintiff is informed that the estate of Elias A. Heffner, bankrupt, claims an interest in said real property. After the year 1921 the plaintiff, through the defendants acting as her agents, paid the taxes on said real estate which said taxes amounted to over $500 per annum. On January 31, 1930, the defendants executed and delivered to plaintiff a writing which among other things recited, ''The property 626 South Vermont Avenue in names of Elias A. Heffner and Minnie E. Heffner—joint tenants in which you own five-sevenths and Elias A. Heffner and Minnie E. Heffner own two-sevenths. This paper given you to show your status in above properties.'' By reason of the defalcations of the defendants the plaintiff, on January 15, 1936, did not possess and was unable to borrow any considerable sum of money. On that date by an instrument in writing the defendants demanded of the plaintiff that she exercise her option within thirty days. On said date the said property was worth $18,000. It was of the same value on August 17, 1937. Since the year 1921 the defendants have been in possession of said property.

Looking back over the allegations which we have just summarized it is clear that the defendants in 1921 contracted for, and in 1924 took in their own names, the title to property of which the plaintiff was the owner of an undivided five-sevenths interest. The defendants in writing admitted that fact January 31, 1930. They never repudiated their trusteeship, so far as the complaint shows, unless their refusal to comply with plaintiff's demand on August 16, 1937, constituted such a repudiation. Conceding for all of the pur-

poses of this case that it did, the plaintiff's cause of action was complete and was not barred by the statute of limitations nor by her laches when she commenced this action on August 18, 1937. (25 Cal. Jur. 269.) If it be claimed that the plaintiff's demand was too broad and that it should have been limited to a five-sevenths interest, such fact did not show nor tend to show that the complaint failed to state facts sufficient to constitute a cause of action.

Pointing to the fact that Minnie E. Heffner filed a declaration of homestead the defendants contend the plaintiff's action in fact was an attempt to bring about a forced sale in satisfaction of the plaintiff's judgment obtained subsequent to the said homestead declaration and was in violation of the provisions of section 1241 of the Civil Code. There is no merit in that contention. (*Smith* v. *Bangham,* 156 Cal. 359 [104 Pac. 689, 28 L. R. A. (N. S.) 522].) The facts in the case just cited were not nearly as favorable to the optionee as the facts in the instant case.

Conceding that the plaintiff had a valid option, the defendants assert she did not exercise it in time and therefore lost her rights. That is, they claim she should have signified her acceptance within four years. Such is the general rule. (37 Cal. Jur. 964.) But according to the same authority there are exceptions to the rule. ''Where it appears that the parties contemplated a delay in making the demand to some indefinite time in the future, the statutory period for bringing the action is not controlling as to the question of reasonable time.'' (37 Cal. Jur. 967; see, also, *Vickrey* v. *Maier,* 164 Cal. 384, 390 [129 Pac. 273].) In the instant case the trial court found the plaintiff's demand was, under the circumstances, made in a reasonable time. As shown above the appeal is presented on the judgment roll. This court is not informed therefore as to what were all of the circumstances and said finding may not be disturbed. Nevertheless the findings show that the option on its face provided that it could be accepted ''at any time'' and that ''time was not of the essence'' of the offer. The findings also show that the option was given to the plaintiff at a time when she was the trustor and the defendants were trustees of her properties in this state. The findings also show that after the option was given, the defendants so misappropriated plaintiff's moneys that she did not receive money sufficient with which to take up

the option; and that the defendants caused the plaintiff to maintain an action for an accounting, and although she was awarded a judgment against the defendants in the sum of over $70,000, it has not been paid. These facts, among others, were circumstances showing the finding of the trial court to the effect that the plaintiff acted within a reasonable time is sustained by the evidence.

The defendants also complain because the plaintiff tendered a partial satisfaction of her judgment as payment to the defendants and did not tender money. Whether such tender was objectionable we need not stop to inquire. That is so for this reason. We have shown above that no valid homestead existed in favor of the defendants or either of them. The plaintiff was therefore entitled to have taken out a writ of execution and levied it on the interest of the defendants in the property described above. It follows that the defendants have not been prejudiced.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 19, 1939.