[Civ. No. 11956. Second Appellate District, Division One.—December 23, 1938.]

BURTHOLD WIDENER, Plaintiff; H. PARK ARNOLD, Administrator, etc., (Substituted Plaintiff), Respondent, v. TIMOTHY T. HARTNETT, Appellant.

D. Joseph Coyne, Dan M. Critchley and J. E. Dalton for Appellant.

Holbrook & Tarr and M. B. Towman for Respondent.

YORK, P. J. — The within action was brought by Burthold Widener, now deceased, to renew a judgment in his favor recovered in a personal injury action against appellant herein, within five years from the date of its entry. Judgment was rendered in favor of respondent in the instant action from which appellant has prosecuted an appeal. Respondent has made a motion in this court to dismiss the appeal and affirm the judgment on the ground that the appeal is frivolous and the question presented thereby so unsubstantial as not to require further argument.

Appellant's sole point is that respondent had no right to maintain this action because it was predicated upon a judgment which had not become final when the complaint herein was filed.

The record discloses that the judgment which forms the basis of the instant action was recovered by respondent in a personal injury suit which he brought against appellant and the Southern California Telephone Company. In the original action judgment was entered against appellant but a nonsuit was granted in favor of said Southern California Telephone Company. Respondent appealed from the judgment of nonsuit and in so doing worded his notice of appeal in such manner that it might appear to also have included an appeal from the judgment in his favor and against appellant. That appeal, or purported appeal, was pending when the present action was commenced, but it was abandoned about a month after the complaint herein was filed and more than a year prior to the date of entry of judgment herein, the trial of the instant action having taken place on March 9, 1938.

The question here involved was recently before the Supreme Court in an action between the same parties to set aside a conveyance and assignment of real and personal property. (*Widener* v. *Hartnett,* 12 Cal. (2d) 287 [83 Pac. (2d) 718].) It was there stated: "On two occasions prior to the filing of the present action, and on one later occasion, writs of execution were issued on the prior judgment against appellant, and were returned unsatisfied, without attempt by appellant at any time to quash the writs or to prevent plaintiff from endeavoring to collect on the prior judgment

on the ground that a purported appeal therefrom was pending. These facts do not sustain appellant's charge that the present action was premature."

The court in the instant action found "that said judgment has become final and conclusive upon the defendant herein and that there was no appeal taken from said judgment and that the appeal taken from the codefendant Southern California Telephone Co., a corporation, against plaintiff, was duly abandoned".

From this it appears that while the notice of appeal purports to include an appeal by respondent from a judgment in his own favor, it was inadvertently done. Further, appellant having failed to raise the question upon the three prior occasions when respondent was endeavoring to collect said prior judgment, his attempt to do so at this time cannot avail him anything.

The motion to dismiss the appeal is granted and the judgment is affirmed.

Doran, J., and White, J., concurred.