[Civ. No. 14873.   Second Dist., Div. Two.   Apr. 17, 1945.]

DON COOK et al., Respondents, v. STEWART McKEE & COMPANY (a Corporation), Appellant.

Morris E. Cohn for Appellant.

Stanley M. Arndt and Wood, Crump, Rogers & Arndt for Respondents.

MOORE, P. J.—The question for decision is whether a defendant has the right of appeal from the clerk's entry in his registry of the dismissal of an action on the request of plaintiff, where no counterclaim or other pleading demanding affirmative relief has been filed.

In the court below defendant filed its motion to strike and a demurrer to the amended complaint for damages alleged to have been suffered as a result of a breach of contract to sell specified quantities of beer to plaintiffs. The court allowed plaintiffs to strike certain passages and overruled the demurrer. Two weeks subsequent to the filing of a stipulation for a second amended complaint such pleading was filed. For reasons satisfactory to the court on the motion of defendant the last mentioned pleading was stricken. On the request of plaintiffs the action was dismissed by the clerk on October 9, 1944, and twenty-eight days later defendant filed its notice of appeal from the "order of dismissal entered . . . on October 9, 1944, from the dismissal made pursuant to the direction of the plaintiffs on or about the 9th day of October, 1944, and from the implied judgment of dismissal made pursuant to the said direction." Respondents have presented their motion to dismiss the appeal on the grounds that appellant is not aggrieved; that the dismissal was in its favor; that it had demanded no affirmative relief.

Appellant conceives that the voluntary dismissal of an action under section 581, Code of Civil Procedure, following adverse rulings is analogous to a final judgment against a defendant after he has suffered prejudicial rulings. It argues: Although the judgment may be in correct form, the review sought on appeal is that of the rulings precedent to the entry of judgment. Such analogy would be persuasive if a voluntary dismissal held the same rank as a final judgment after a trial of controverted issues of law or of fact. But there is no kinship of a voluntary dismissal to a final judgment. A wilful dismissal terminates the action for all time and af-

fords the appellate court no jurisdiction to review rulings on demurrers or motions made prior to the dismissal. ■ Such rule is a necessary inference from the provisions of section 581. Subdivision 1 provides that his action may be dismissed by the plaintiff at any time before the submission of the case (*MacDermot* v. *Grant*, 181 Cal. 332 [184 P. 396]) "provided that a counterclaim has not been set up or affirmative relief sought" by a pleading of the defendant. A distinct privilege is thereby expressly conferred upon a plaintiff. The intent of the language could not be that, at his option and without having pleaded an affirmative defense, a defendant may require the court to retain jurisdiction of the action until his convenience be fully satisfied. The right of dismissal is absolute and arises only from the cited section. Since its original enactment in 1872, section 581 has been amended by additions on eight distinct occasions at none of which did the lawmakers intimate a purpose to enlarge the court's power to perpetuate the pendency of an action to suit its caprice or to gratify the wishes of the defendant. Subdivision 2 authorizes dismissals by the clerk at any time with the defendant's consent. The remaining subdivisions allow dismissals by the court for the reasons therein prescribed. A dismissal is "made by entry in the clerk's register" and it is then "effective for all purposes when so entered."

■ A plaintiff's voluntary dismissal of his action has the effect of an absolute withdrawal of his claim and leaves the defendant as though he had never been a party. (*Holt Mfg. Co.* v. *Collins*, 154 Cal. 265, 275 [97 P. 516]; *King* v. *Superior Court*, 12 Cal.App.2d 501, 507 [56 P.2d 268].) ■ When an action is wilfully dismissed by the plaintiff against one or more of several defendants the effect is the same as if the action had been originally brought against the remaining defendants. (*Page* v. *W. W. Chase Co.*, 145 Cal. 578, 584 [79 P. 278].) ■ When dismissed against a sole defendant it is as though no action had ever been filed. After such dismissal the defendant is a stranger to the action. (*Rogers* v. *Transamerica Corp.*, 6 Cal.App.2d 340, 341 [44 P.2d 635].) ■ By the clerk's entry no judicial act has been exercised from which appeal may be prosecuted.

Appellant contends that the court had erred in overruling its demurrer to the complaint and that upon this appeal from the dismissal it is entitled to this court's judgment upon the

error alleged to have occurred in the overruling of the demurrer. But such conclusion does not follow by virtue of any public or private statute or of any judicial decision. ■ The Legislature has provided a course by which to secure the defendant against a wilful dismissal of his action, namely, by filing a pleading for affirmative relief. (§ 581.) By such pleading a new issue is imported into the case pursuant to statute (Code Civ. Proc., § 437) which renders plaintiff powerless to effect a dismissal by his sole act.

■ But even though the clerk's dismissal be considered a judicial act, defendant has no right of appeal therefrom for the reason that the dismissal leaves it exactly where it desired to be at all times both before and after the filing of the action. The party whose total demands are granted in a judicial proceeding has no right of appeal. (*Widener* v. *Hartnett*, 12 Cal.2d 287, 290 [83 P.2d 718]; *Maxwell Hardware Co.* v. *Foster*, 207 Cal. 167, 170 [277 P. 327]; *Merron* v. *Title Guarantee & Trust Co.*, 27 Cal.App.2d 119, 122 [80 P.2d 740].)

■ The dismissal of a cause pursuant to subdivision 1 of section 581 leaves the defendant the successful contender, and as such no errors committed against him prior to the dismissal will be reviewed on appeal. (*Pene* v. *Mauk*, 5 Cal. App.2d 428, 435 [42 P.2d 697].) Since no ruling of the court prejudiced appellant, none can be noticed on appeal. (2 Cal. Jur. 839, 840, 845.)

■ But further to extend the supposititious status of the clerk's entry by considering it a judicial order, we could not review the ruling upon defendant's demurrer. There is no appeal from such an order. (*Schwalen* v. *Retail Food Clerks Union*, 46 Cal.App.2d 545, 546 [116 P.2d 179]; *Hughes* v. *Heffner*, 29 Cal.App.2d 382, 383 [84 P.2d 540].) ■ The only opportunity for a review of a ruling on demurrer is that which arises out of the appeal from the final judgment on the merits adverse to demurrant, or by his declining to answer and allowing judgment to be entered against him. (*Byxbee* v. *Dewey*, 128 Cal. 322 [60 P. 847].)

In support of its contention that it has the right to appeal from the dismissal entered in the clerk's registry, appellant cites two authorities from other jurisdictions: *Klinge* v. *Southern Pacific Co.*, 89 Utah 284 [57 P.2d 367, 105 A.L.R. 204]; *Whallen's Executors* v. *Moore*, 248 Ky. 348 [58 S.W.2d 601]. Neither announces any principle that will uphold the contention of appellant here. In the Klinge case, although

the order of dismissal was made by the court, its holding is positive support of respondents' position. A new trial had been granted plaintiff after verdict in his favor for $12,000. He then obtained a dismissal. Defendant's appeal was designed to obtain a review of the order granting the new trial, defendant insisting that such order was an injustice to the company. Under the Utah practice there is no provision for appeal from the order granting a new trial. (*Lukich* v. *Utah Construction Co.*, 46 Utah 317 [150 P. 298].) But following an industrious review of the authorities the court held in accordance with the general rule (3 C.J. 621, 636) that plaintiff cannot prosecute an appeal from a judgment in his own favor nor from a voluntary dismissal; that he is not aggrieved thereby; that in order to review intermediate rulings there must be a final, definite and adverse judgment against the appellant; that the dismissal of an action without prejudice is not prejudicial to defendant merely because the plaintiff may commence a new action; that the granting of a new trial erases the verdict as though it had never been; and that plaintiff has the same right to dismiss the action after, as before, the trial. Pursuant to such holding that appeal was dismissed notwithstanding plaintiff had, following the dismissal, obtained a judgment on the same claim in the federal court. While two of the justices thought some way should be found to review the order for a new trial because of error in making the order and because there was no appeal in Utah from such an order, yet a dismissal of the appeal was the decision of the court. The Whallen case was a will contest. After verdict sustaining the will the contestants moved for a new trial which was granted. The contestees prepared a bill of exceptions to preserve their right to have the first verdict reinstated in event they should not prevail in a second trial. After the commencement of the new trial on the motion of contestants the contest was dismissed without prejudice. On appeal by the contestees it was established that while in Kentucky no appeal lies from an order granting a new trial and an action may be dismissed by plaintiff as a matter of right before its final submission to the jury, yet where defendant has obtained a verdict in his favor he has acquired a substantial right of which he cannot be deprived by the court in ordering a dismissal after having granted a new trial. Upon appeal from the order of dismissal after verdict

the court held that the defendants might show that the court had abused its discretion in granting the new trial. To have denied the appeal would have deprived the defendants of the benefits of a favorable verdict returned after trial without error. It was pointed out that whereas under Kentucky practice an order granting a new trial is not final in that it is appealable, yet it is "final in the sense that the excepting party has been divested of a right which the court . . . cannot restore after the expiration of the term. The right of appeal is merely held in abeyance pending the subsequent trial and final disposition of the case." It thus appears that the Kentucky decision of dismissal after the case had been tried is without force to support an appeal in California from a dismissal under subdivision 1, section 581, for the reason that provision subsists for appeals from orders granting new trials.

*Huntington Park Imp. Co.* v. *Superior Court* (17 Cal.App. 692 [121 P. 701]) does not support appellant's contention, but is in accord with the conclusions above announced. It is there held that after the court has been ousted of jurisdiction by the plaintiff's dismissal of his action prohibition will lie to prevent further proceedings. (P. 694.)

It is therefore ordered that respondents' motion be and is hereby granted and that the appeal herein be and the same is hereby dismissed.

McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 14, 1945. Edmonds, J., and Traynor, J., voted for a hearing.