[Civ. No. 4005. Fourth Dist. Mar. 7, 1950.]

JAMES S. FORKNER, Respondent, v. GLADYS K. FORKNER, Appellant.

Jack G. McBride and Backlund, Meux & Gallagher for Appellant.

H. A. Savage for Respondent.

GRIFFIN, J.—This is an appeal from an order denying defendant's motion to strike a provision from an interlocutory decree of divorce awarding custody of a minor child, which decree was obtained by defendant on her cross-complaint. It comes to us on an "Agreed Statement On Appeal." This statement recites generally that on April 26, 1946, plaintiff, defendant and their minor child, Christian, then 4 years of age, all resided in Fresno County, California; that on that date plaintiff and defendant entered into a property settlement agreement in writing which is attached to the Agreed Statement On Appeal. This agreement recites generally that plaintiff and defendant are husband and wife and are living separate and apart; that defendant "desires to go to France" and both parties desire to enter into a property settlement agreement and to make provision for the support and education of their minor child. They agreed that the home in Fresno, owned by the parties, shall be "owned by each of them share and share alike" and that "the home shall remain in this form for a period of two years"; that "either party who is in California may occupy the home"; that "if the home be rented, the rent shall be divided equally between the parties"; that the personal property "will be divided between Mr. and Mrs. Forkner equally upon Mrs. Forkner's return from France; and she expects to return and agrees *to return within* approximately *two years* from date hereof." (Italics ours.) Provision is then made for the payment of $50 per

month by each party in trust, at a bank in Fresno, to be used for the support and education of the minor child. The parties then agreed that the minor child, "for the next nine years, shall go with his mother to France and be in her custody" and that "he shall be brought back with his mother in approximately nine years from date hereof." They then agreed that "when Christian returns with his mother approximately nine years from now, that he is to stay with his father until he becomes of age," and that "either party may visit the said child at all reasonable hours" and that "while Christian is in the care of his mother he is to spend three months each summer of each year with his father, and after he comes into the care of his father he is to spend three months each summer of each year with his mother." Each party released the other from obligations of support and agreed that "should either party bring an action of divorce, such party shall pay all costs and attorney's fees connected therewith." The statement on appeal then recites that shortly after April 26, 1946, defendant and the minor child left the State of California and went to Paris, France, "where appellant and said minor child have resided and still reside."

On April 8, 1947, the father of the minor child filed a complaint for divorce against defendant, the mother, charging extreme cruelty, requested the court to award the custody of the minor child in accordance with the property settlement agreement, and asked to have such agreement incorporated and made a part of the interlocutory decree of divorce. Thereafter, defendant employed attorneys to represent her in the divorce action. They filed a denial to the allegation of extreme cruelty only, and also filed a cross-complaint for divorce on behalf of defendant, charging extreme cruelty and particularly alleging that there was one minor child the issue of said marriage; that the parties settled all of their property rights by a written agreement, "which agreement also provides for the care, custody and maintenance of the minor child of plaintiff and defendant." In the prayer of the cross-complaint defendant seeks a divorce, sets up the property settlement agreement, and asks that it be confirmed and incorporated in the interlocutory decree and specifically asks "that the custody of the said minor child . . . be granted to defendant and cross-complainant as provided in said property settlement agreement, and that the custody of said child be awarded with the right of visitation on the part of the plaintiff and cross-

defendant as provided in said property settlement agreement.''

Plaintiff filed a denial to the cross-complaint, denying extreme cruelty but admitting the other allegations. Pursuant to stipulation of the attorneys the action was tried before the same judge who determined the motion herein involved. Plaintiff offered no evidence. Defendant introduced evidence to prove her cross-complaint and offered in evidence the property settlement agreement. After the hearing the court entered its interlocutory decree on April 29, 1947, and incorporated therein, as requested, the property settlement agreement above mentioned and specifically provided therein ''that the defendant and cross-complainant shall have the care, custody and control of the minor child of the parties hereto . . . as provided in the said property settlement agreement hereto attached.''

The final judgment of divorce was entered on April 30, 1948. It should be here noted that nothing appears in the complaint or cross-complaint indicating that the plaintiff, the defendant or the minor child were not residents of or domiciled within the State of California at the time the original action or cross-complaint were filed, or at the time the decree was granted.

On January 24, 1949, defendant wife filed a notice of motion to strike from the interlocutory decree of divorce the paragraph relating to the custody and control of the minor child ''as provided in the said property settlement agreement'' on the ground that the court had no jurisdiction to make any award concerning the custody of the child for the reason that said child, at the time the complaint in the action was filed, was not a resident of the State of California, nor had said child, at any time subsequent to the filing of said action, been a resident of California. This motion came on for hearing and was denied by the court on February 3, 1949. The reasons for the denial of the motion are not specified therein. This appeal is from this order.

The claim of defendant is now that at the time the interlocutory decree was granted the superior court did not have jurisdiction to make a custody award of the minor child when the child was a resident of a foreign country prior to the commencement of the action and has ever since been and still is a resident thereof. It is argued that the parties to an action may not, by agreement or stipulation, confer jurisdiction upon the court, citing *Vaughan* v. *Roberts,* 45 Cal.App.2d 246 [113 P.2d 884] ; *Gillespie* v. *Andrews,* 78 Cal.App. 595 [248 P. 715] ;

and *Bacigalupi* v. *Bacigalupi,* 72 Cal.App. 654 [238 P. 93]. It is likewise contended that defendant's appearance in the instant case and the granting of relief in accordance with the prayer of her cross-complaint did not confer jurisdiction upon the court over the subject matter of the custody provision, citing *Sampsell* v. *Superior Court,* 32 Cal.2d 763 [197 P.2d 739] ; 9 Cal.Jur. p. 786, § 130 ; *Boens* v. *Bennett,* 20 Cal.App.2d 477 [67 P.2d 715] ; and Beale, Conflict of Laws, vol. 2, p. 717. From the cases and the texts above cited it appears that before a court has jurisdiction in a divorce action to make an award of the custody of a minor child, such child must be either domiciled in the state or physically present in the state. In support of this contention defendant cites *In re Chandler,* 36 Cal.App.2d 583 [97 P.2d 1048].

Plaintiff and respondent argues that the actual appearance of defendant in the superior court, praying the court to take jurisdiction over the custody of the child, gave to the superior court jurisdiction as to parenthood and the custody of the child, and cites *Sampsell* v. *Superior Court, supra; Maloney* v. *Maloney,* 67 Cal.App.2d 278 [154 P.2d 426] ; *Hughes* v. *Hughes,* 180 Ore. 575 [178 P.2d 170] ; *Talbot* v. *Talbot,* 120 Mont. 167 [181 P.2d 148] ; and *Boone* v. *Boone,* 132 F.2d 14.

█ A mere reading of the so-called property settlement agreement convinces us that both plaintiff and defendant and the minor child were, *at the time of the execution of the agreement,* domiciled in Fresno County. It further appears to us that under the agreement defendant intended to remain domiciled in this state at all of the times herein mentioned and that she was going to France with the minor child for the purpose of living there temporarily, so that the child might be educated in France; that at the end of that time the child was to be returned by the defendant; and that the mother of the child intended, and in fact *agreed,* to return to California "within approximately two years from the date hereof." It is likewise inferred from that agreement that the child would be returned to plaintiff's home in California each year, during three months of the summer, for the purpose of visitation by the father; and that defendant was to return the child to plaintiff in Fresno at the end of nine years so that he might have exclusive custody of him until he became of age. This agreement was part of the evidence received in court at the time of the hearing of the divorce proceedings and was sufficient to lead the court to believe that the parties were, on the

date of the execution of the agreement, domiciled in Fresno County with said minor child, and that the absence of defendant and the minor child from the state at the time the action for divorce was filed was merely a temporary absence for the purpose indicated and that at that time and all times subsequent thereto the defendant and the minor child were in fact domiciled in Fresno County. This conclusion is fortified by the fact that the defendant voluntarily appeared in the divorce action, filed her cross-complaint and sought custody of the minor child, who was then in Paris, France. It is only upon the theory that the minor child was then *domiciled* in California that the defendant could seek and the trial court here could have jurisdiction to award his custody to her in this action. We must therefore conclude, in the absence of any other showing, that at the time the trial court awarded custody of the minor child to the defendant and granted her a decree of divorce it did have jurisdiction not only of the defendant but of the minor child. This decree which defendant sought was granted in the exact form prayed for by her cross-complaint and no appeal could have been nor was there any such appeal taken from such order by defendant. The first indication the trial court had of any contrary facts pertaining to the domicile of the defendant and the minor child appeared in the motion to strike the portion of the interlocutory decree pertaining to the custody of the child, nearly two years after the interlocutory decree was entered. It was then, for the first time, that defendant claimed that both she and the minor child became residents of France at the time of their arrival there in April or May, 1946. Had the trial court specified in its order that the motion was denied for the reason that defendant and the minor child, at the time the divorce action was filed, were in fact domiciled in the State of California, a determination of the question here presented would have been simple and the evidence would have clearly supported such a finding. However, the agreed statement on appeal states that "shortly after April 26, 1946, appellant and said minor child left the State of California and went to Paris, France, where appellant and said minor child have *resided and still reside*."

It may be problematical whether counsel for plaintiff intended that this agreed statement on appeal was intended to convey the idea that defendant and the minor child actually took up a legal and qualified domicile in France on that date, or whether it was intended to convey the thought that they

lived in France during that period but still intended to maintain their domicile in California. There is a recognized legal distinction between a domicile or residence under section 129 of the Civil Code, as distinguished from the term "a place where one *lives.*" In *Sampsell* v. *Superior Court, supra,* page 779, the Supreme Court of this state held that if a child is *living* in one state but is *domiciled* in another, the courts of both states may have jurisdiction over the question of its custody.

Assuming that we are bound by the agreed statement on appeal that the defendant and the minor child "resided and still reside" in Paris, France, during the times mentioned, and by this agreed statement the legal definition of the term "reside" was intended to be applied, we still are of the opinion that defendant should be precluded from setting aside the decree which she herself obtained, under the signed property settlement agreement which she entered into in reference to the custody of the minor child.

In this connection plaintiff argues, with merit, that since defendant subjected herself to the jurisdiction of the court by filing a cross-complaint, she brought herself within its jurisdiction and she was bound by any order which the court made in the divorce proceeding in any controversy concerning which the trial court had jurisdiction. By her cross-complaint she sought a divorce. She asked that the property settlement agreement be made a part of the interlocutory decree, as agreed upon, and that the custody of the child be awarded as therein set forth. No other or further relief was sought. When plaintiff found that defendant sought no further relief than that which he sought by his complaint, particularly in reference to the custody of the minor child, he defaulted and did not contest the prayer of her cross-complaint. She obtained the decree in accordance with that prayer. Under these circumstances, as far as she was concerned, this interlocutory decree was not an appealable order because it granted her all of the relief for which she prayed.

Section 938 of the Code of Civil Procedure provides that "Any party *aggrieved* may appeal in the cases prescribed in this title." (Italics added.) It is a fundamental principle of jurisprudence that a party who asks for certain relief and secures it should not thereafter be heard to claim that the relief secured was wrong and take further time of the court to correct that which he asked for and received.

In *Cook* v. *Stewart McKee & Co.*, 68 Cal.App.2d 758 [157 P.2d 868], the court held that a judgment of dismissal, as prayed for by the plaintiff, was not subject to appeal by him because he had obtained the total relief he had asked for, and said, at page 762: ''The party whose total demands are granted in a. judicial proceeding has no right of appeal.'' (Citing cases.)

In *Widener* v. *Hartnett*, 12 Cal.2d 287, the Supreme Court said, at page 290 [83 P.2d 718]: ''A party cannot appeal from a judgment in his favor. This is the general rule and although it may have exceptions, the present case does not fall within that category.'' (Citing cases.)

In *Hall* v. *Imperial Water Co.*, 200 Cal. 77, at page 80 [251 P. 912], the court said that under the general rule an order refusing to vacate and set aside a judgment is likewise not an appealable order, citing cases. Then follows an exception to this latter rule where the record on an appeal from the judgment would not disclose the ground of the motion.

Defendant claims that the facts in the instant case do fall within the exception, and cites 2 Cal.Jur. p. 167, § 31; *Ratliff* v. *Ratliff*, 100 Cal.App. 556 [280 P. 554]; *Helbush* v. *Superior Court*, 99 Cal.App.501 [278 P. 1062]; 15 Cal.Jur. 49, § 140; 15 Cal.Jur. 61, § 146; *Hill* v. *City Cab etc. Co.*, 79 Cal. 188, 191 [21 P. 728]; *Akley* v. *Bassett*, 189 Cal. 625, 639 [209 P. 576]; and *Thompson* v. *Cook*, 20 Cal.2d 564 [127 P.2d 909].

This same contention was made in *Maxwell Hardware Co.* v. *Foster*, 207 Cal. 167 [277 P. 327]. That was an action for the foreclosure of a materialman's lien for building materials furnished the defendant Foster in the construction of a building on real property belonging to the defendant Kates. The court gave judgment in favor of defendant Kates. Plaintiff appealed. While the court gave judgment denying plaintiff the right to foreclose its lien against the defendant Kates's property, it did render a personal judgment against the defendant Foster for the value of the materials furnished the latter. The plaintiff there claimed that the judgment was void for the reason that no process was ever served upon the defendant Foster. The Supreme Court, speaking through Mr. Justice Curtis, said:

''The judgment, however, was in favor of the plaintiff, and *even if the same were void,* that fact cannot be taken advantage of on an appeal therefrom by the plaintiff in whose favor the judgment was rendered. An appeal from a judgment can only be taken by an aggrieved party thereto, and the plaintiff

herein does not sustain that relation to said judgment. A party cannot appeal from a judgment in his favor." (Citing cases.) (Italics ours.)

We conclude, therefore, that to grant the relief sought by defendant would not only operate as a fraud upon the plaintiff, in view of the solemn written agreement entered into by defendant, but would also operate as a fraud upon the court in permitting it to enter its decree under the representation that all the parties, including the child, were within the jurisdiction of the court when the order was made, and then, two years later, making a contrary claim for the purpose of setting aside that judgment.

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.