218 Cal.App.3d 694 (1990)
267 Cal. Rptr. 210
In re TOMI C. et al., Persons Coming Under the Juvenile Court Law.
FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Respondent,
v.
TOMMY C., Defendant and Appellant.
Docket No. F011941.
Court of Appeals of California, Fifth District.
March 7, 1990.
*695 COUNSEL
Jay C. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.
Max E. Robinson, County Counsel, and Houry A. Der Simonian, Deputy County Counsel, for Plaintiff and Respondent.
Michael B. McPartland, under appointment by the Court of Appeal, for Minors.
*696 OPINION
BEST, Acting P.J. 

STATEMENT OF THE CASE
On September 21, 1988, the minors, Christy, Tomi, and Shawn, ages six, four, and three, respectively, were placed in protective custody by the Fresno City police. Separate petitions pursuant to Welfare and Institutions Code[1] section 300 were filed on September 23, 1988, alleging that Christy had reported she and her siblings had been sexually molested by her father and mother. The petitions alleged that the children were residing with their father at the time of their detention.
An order that the minors be detained and have no contact with their parents was made by the juvenile court on September 26, 1988. The parents were allowed to begin supervised visits on October 3, 1988.
Amended petitions were filed on October 24, wherein it was alleged that a registered nurse who had examined Christy believed that injuries sustained by Christy were consistent with having been sodomized. Second amended petitions were filed on January 25, 1989, alleging that Thomas C., hereinafter father, had caused injuries to the minors that were consistent with being sodomized. The petitions further alleged that father had sexually molested his children by orally copulating them. The second amended petitions contained no allegations with regard to the minors' mother.
The department of social service's (DSS) motion to dismiss the petitions was granted after a hearing on January 26, 1989. On February 9, 1989, a dismissal order as to each of the petitions was entered and filed stating the dismissal was without prejudice.

STATEMENT OF FACTS

Hearing on Motion to Dismiss
In support of its motion to dismiss the petitions, DSS called as a witness Julie Gonzales, the case manager assigned to the minors' case.[2] Gonzales testified that she had met with the minors' mother and made an investigation as to whether mother would be an appropriate care provider for the *697 children. Gonzales spoke with the social worker involved with the case in Blythe, where mother was living, and learned that mother had been attending counseling for parents of children who have been molested. Mother's counselor's opinion was that mother was doing very well, had been attending regularly and that mother was able to take care of her children. In addition, mother was very cooperative and motivated to do anything necessary to establish that she could properly care for her children.
Mother received legal custody of the minors in family court in September of 1988. Because of the minors' allegations, DSS originally felt the minors needed protection from mother. However, DSS had received new information since the time the minors were first detained. Christy eventually stated that the honest truth was that only father had molested her and her siblings and that she was told by father to say that her mother had also touched them. Her statements were corroborated in part by the fact that Christy had originally only accused her father of molestation and only after she was alone with father for 10 minutes did Christy tearfully state that her mother had also touched her. Furthermore, father had sole access to the minors for five months preceding the DSS detention.
Gonzales also spoke to her supervisor and a number of other social workers in the department regarding the case and came to the conclusion that, at the time of the hearing, mother was an appropriate care provider for the minors.
Father presented no evidence at the hearing.
The court found that DSS had properly and lawfully exercised its discretion and granted the motion to dismiss, without prejudice.

DISCUSSION

SHOULD THE APPEAL BE DISMISSED
(1a) Although not raised by DSS or father, minors, through their appointed counsel, correctly point out two valid grounds for dismissing the instant appeal.
First, since the dismissal was without prejudice, the court's order of dismissal was not a final judgment or determination. Appealable orders from juvenile court proceedings under section 300 are specified in section 395. Section 395 provides in pertinent part that "A judgment in a proceeding under section 300 may be appealed from in the same manner as any final judgment...." According to Code of Civil Procedure section 577, "A *698 judgment is the final determination of the rights of the parties in an action or proceeding." Because the dismissal order was made without prejudice and did not involve the merits of the charge, another petition under section 300 could be filed for the same acts alleged in the petition. (See 1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Defenses, § 300, pp. 345-346; Cook v. Stewart McKee & Co. (1945) 68 Cal. App.2d 758, 760-763 [157 P.2d 868].) As such, the dismissal was not a final judgment or determination of the rights of the parties and, therefore, not an appealable order pursuant to section 395.[3]
(2) Secondly, although an involuntary dismissal is generally appealable as a final judgment, a voluntary dismissal by the plaintiff is not appealable unless the defendant has requested affirmative relief. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 75, pp. 99-100; Cook v. Stewart McKee & Co., supra, 68 Cal. App.2d 758, 760-763.)[4]
(1b) Here, DSS voluntarily requested dismissal of the petition and the court granted the request. More importantly, father has failed to establish that he has been aggrieved by the dismissal. (Cook v. Stewart McKee & Co., supra, 68 Cal. App.2d at p. 762.) Even if father could have successfully defended against the allegations in the petition, he could not thereby regain custody of his children since the custody issue had already been decided in family court. Moreover, to the extent father believes mother is unfit to care for the minors, he may make an application to the probation officer to initiate section 300 proceedings. (§ 329; Cal. Rules of Court, rule 1405(e).) Furthermore, if the probation officer fails to initiate the proceedings within three weeks after such application, father may apply to the juvenile court to review the decision of the probation officer. (Ibid.) The juvenile court is then empowered to affirm the probation officer's decision or order him to commence juvenile court proceedings. (§ 331.) Therefore, we hold that father is not aggrieved by the dismissal and his appeal must be dismissed as having been taken from a nonappealable order. (Cook v. Stewart McKee & Co., supra; Parenti v. Lifeline Blood Bank (1975) 49 Cal. App.3d 331, 334-335 [122 Cal. Rptr. 709], questioned on other grounds in Wells v. Marina City Properties, Inc. (1981) 29 Cal.3d 781, 787-789 [176 Cal. Rptr. 104, 632 *699 P.2d 217]; Associated Convalescent Enterprises v. Carl Marks & Co., Inc. (1973) 33 Cal. App.3d 116, 120-121 [108 Cal. Rptr. 782].)
Our disposition of the appeal makes consideration of the other contentions of the parties unnecessary.
For the reasons stated, the appeal is dismissed.
Stone (W.A.), J., and Ardaiz, J., concurred.
On April 4, 1990, the opinion was modified to read as printed above.
NOTES
[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.
[2] The court wanted DSS to establish at least a prima facie case to support the dismissal and thereby ensure that DSS was not exercising its discretion arbitrarily or capriciously.
[3] While Code of Civil Procedure section 904.1 is the general appeal statute in civil cases, because section 395 is a specific statute with regard to section 300 proceedings, it takes precedence over the general statute. (In re Corey (1964) 230 Cal. App.2d 813, 821 [41 Cal. Rptr. 379].)
[4] The rules regarding appeals in civil cases are applicable to section 300 cases by virtue of section 395, which treats final judgments under section 300 as appealable in the same manner as a final judgment in a civil case.