Filed 2/23/16  Reitz-Diaz v. Nissan North America CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| MARIA REITZ-DIAZ et al., | |
| Plaintiffs and Appellants, | C077814 |
| v. | (Super. Ct. No. 39201100265023CUPASTK) |
| NISSAN NORTH AMERICA, INC., | |
| Defendant and Respondent. | DISMISSAL BY OPINION |

Maria Reitz-Diaz, Joseph Diaz, and Julian Diaz (plaintiffs) appeal from a judgment dismissing their product liability claims against Nissan North America, Inc.[1] Plaintiffs sued Diane Murdock (and 20 Doe defendants) for negligently colliding with

---

[1]    Due to their shared surname, we refer to individual members of this family by their first names.  In addition to his individual capacity, Joseph appears as guardian ad litem for Julian, who is a minor.  We refer to Nissan North America, Inc., as Nissan.

Plaintiffs also named Nissan Trading Corporation, Nissan Automotive Inc., and Stockton Nissan in amended complaints.  In its respondent's brief, Nissan states that Nissan Trading Corporation and Nissan Automotive Inc. were never served.  Plaintiffs do not dispute the lack of service in their reply brief.  In any event, these entities are not parties to this appeal.

1

their Nissan automobile. After plaintiffs and Murdock reached a settlement agreement, Maria and Joseph dismissed their action with prejudice. Despite Maria and Joseph's dismissal, plaintiffs subsequently filed amended complaints that added products liability claims and named Nissan as one of the Doe defendants. As to Julian's claims against Nissan, he filed a voluntary dismissal without prejudice before the trial court entered the judgment from which he seeks review.

Nissan contends we must dismiss the appeal because the trial court lacked jurisdiction over the products liability claims after plaintiffs filed their voluntary dismissals. We agree and dismiss the appeal.

FACTUAL AND PROCEDURAL HISTORY

In June 2011, plaintiffs filed a complaint that claimed Diane Murdock and 20 Doe defendants were driving or acting negligently in colliding with plaintiff's automobile on February 2, 2011. Maria and Julian claimed physical injuries resulting from the accident, and Joseph asserted loss of consortium.

In July 2013, Maria and Joseph dismissed their claims against Murdock with prejudice. There are two requests for dismissal with prejudice. The first filed and entered on July 10, 2013 added the dismissal "is effective as to Maria Reitz-Diaz & Joseph Diaz as to Diane Murdock and is not effective as to any other defendant or prospective defendant." The second filed and entered on July 31, 2013 dismissed the complaint with prejudice as to "Maria Reitz-Diaz & Joseph Diaz, individually, Each party to bear own costs/atty fees." At the time of dismissal no claim other than negligence was asserted against Murdock and none of the Doe defendants had been substituted for known defendants.

On August 7, 2013, Maria, Joseph, and Julian filed a "Doe amendment to the complaint" that added a new cause of action for product liability and named Nissan as Doe defendant number two. Nissan demurred and the trial court sustained the demurrer with leave to amend on grounds the product liability cause of action was untimely and the

2

cause of action for product liability failed to allege sufficient facts. Plaintiffs filed a first amended complaint on November 7, 2013, rendering the demurrer moot. The first amended complaint for damages included the following causes of action: negligence against Murdock, loss of consortium by Joseph, and product liability against Nissan. Nissan demurred and the trial court sustained the demurrer with leave to amend to allege facts explaining why Maria did not have reason to discover earlier the factual basis of her product liability claim.

On January 17, 2014, plaintiffs filed a second amended complaint for damages that added allegations explaining the delayed discovery of the product liability claim against Nissan. Nissan again demurred. After finding the delayed discovery rule did not apply to toll the statute of limitations, the trial court sustained the demurrer without leave to amend.

Plaintiffs filed a motion for reconsideration that was denied as untimely and defective.

On August 4, 2014, Joseph (on behalf of Julian) dismissed the complaint against Nissan. On September 23, 2014, the trial court entered a judgment of dismissal on plaintiffs' claims against Nissan. From this judgment of dismissal, plaintiffs filed a notice of appeal on November 7, 2014.

DISCUSSION

**I**

*Trial Court Jurisdiction after Voluntarily Dismissal of Claims*

Nissan contends we must dismiss the appeal from a judgment entered after plaintiffs filed voluntary dismissals. The contention is meritorious.

**A.**

*Jurisdiction as to Maria and Joseph*

It is well established that "[a] plaintiff's voluntary dismissal of his [or her] action has the effect of an absolute withdrawal of his [or her] claim and leaves the defendant as

3

though he [or she] had never been a party.  (*Holt Mfg. Co. v. Collins*, 154 Cal. 265, 275; *King v. Superior Court*, 12 Cal.App.2d 501, 507.)  When an action is willfully dismissed by the plaintiff against one or more of several defendants the effect is the same as if the action had been originally brought against the remaining defendants.  (*Page v. W. W. Chase Co.*, 145 Cal. 578, 574.)  When dismissed against a sole defendant it is as though no action had ever been filed."  (*Cook v. Stewart McKee & Co*. (1945) 68 Cal.App.2d 758, 761 (*Cook*).)  Thus, *Cook* holds that "[b]y the clerk's entry [of a voluntary dismissal] no judicial act has been exercised from which appeal may be prosecuted."  (*Ibid.*)

Maria and Joseph filed their dismissal against Murdock on July 10, 2013.  At the time, no claim other than negligence was asserted against Murdock and none of the Doe defendants had been substituted for known defendants.  Instead, Murdock was the sole named defendant and negligence was the only theory of liability.  Consequently, Maria and Joseph's voluntary dismissal deprived the trial court of jurisdiction over any new claims they may have wished to assert in this case.

Maria and Joseph argue the trial court had jurisdiction to hear their claims against Nissan because they filed amended complaints in which they substituted Nissan for a Doe defendant.  We reject the argument.  " '[I]t is a well-settled proposition of law that where the plaintiff has filed a voluntary dismissal of an action . . . , the court is without jurisdiction to act further [citations], and any subsequent orders of the court are simply void. [Citation.]'  (*Gherman v. Colburn* (1971) 18 Cal.App.3d 1046, 1050.)  [¶]  Plaintiff could not overcome the effect of his voluntary dismissal by merely filing a motion for leave to amend the complaint."  (*Paniagua v. Orange County Fire Authority* (2007) 149 Cal.App.4th 83, 89.)  *Paniagua* notes that " '[a] motion relates to some question that is collateral to the main object of the action and is connected with and dependent upon the principal remedy.'  [Citations.]  A 'motion' therefore implies the 'pendency of [a] suit[] between the parties,' [citation] and is ancillary to an ongoing action or proceeding.  [Citations.]' "  (*Ibid.*)  Here, there was no claim pending for product liability or against

4

Nissan when Maria and Joseph filed their voluntary dismissal. Consequently, there was no action pending for them in which they could file an amended complaint.**2** (*Ibid.*)

Maria and Joseph also assert Nissan is estopped from raising its jurisdictional challenge for the first time on appeal after years of litigation. We reject the assertion. As the California Supreme Court has stated, " 'an act beyond a court's jurisdiction in the fundamental sense is null and void' *ab initio*. ([*People v.*] *Williams* [(1999)] 77 Cal.App.4th [436,] 447.) 'Therefore, a claim based on a lack of [ ] fundamental jurisdiction[ ] may be raised for the first time on appeal. (*People v. Chadd* (1981) 28 Cal.3d 739, 757.)" (*People v. Lara* (2010) 48 Cal.4th 216, 225.) Jurisdiction cannot be conferred by estoppel. (*In re Griffin* (1967) 67 Cal.2d 343, 346.)

Because the trial court lacked jurisdiction over Maria and Joseph's action after they filed their voluntary dismissal, we dismiss their appeal from the judgment entered after their dismissal. (*Cook*, *supra*, 68 Cal.App.2d at pp. 760, 764 [appeal dismissed after plaintiffs voluntarily dismissed their action in the trial court].)

**B.**

***Jurisdiction as to Julian***

Nissan's motion to dismiss contends that "Julian Diaz's claim was dismissed and he is not a party to this appeal." Although Julian's claim was dismissed prior to entry of judgment, it appears he is a party to the appeal as reflected in the notice of appeal filed by plaintiffs. Plaintiffs' opposition to dismissal and their briefs on the merits do not appear to abandon the appeal on behalf of Julian. Accordingly, we consider the trial court's jurisdiction over Julian's claims against Nissan.

---

**2**     In light of our conclusion that the appeal must be dismissed for lack of jurisdiction, we do not consider the parties' arguments regarding whether the delayed discovery rule tolled the statute of limitations for plaintiffs' product liability claims against Nissan.

5

As Julian's guardian ad litem, Joseph voluntarily dismissed Julian's claims against Nissan before the trial court entered the judgment being challenged on appeal. Although Julian's claims against Nissan were dismissed without prejudice, no attempt to file a new action or amend the complaint was made. Thus, the voluntary dismissal filed by Joseph as guardian ad litem deprived the trial court of jurisdiction over Julian's claims against Nissan and precludes Julian's present appeal. (*Cook*, *supra*, 68 Cal.App.2d at pp. 760-761.) Thus, Julian's appeal must be dismissed.

DISPOSITION

The appeal is dismissed. Nissan North America, Inc., shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

/s/
HOCH, J.

We concur:

/s/
NICHOLSON, Acting P. J.

/s/
DUARTE, J.