Filed 2/13/25  P. v. Salinas CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B336473 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA149506) |
| v. | |
| ALEJANDRO ARTURO SALINAS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Henry J. Hall, Judge.  Reversed and remanded for further proceedings.

Christopher Lionel Haberman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Steven D. Matthews, Deputy Attorneys General, for Plaintiff and Respondent.

_____

The trial court summarily denied appellant Alejandro Arturo Salinas's motion to vacate his conviction.  (Pen. Code,[1] § 1473.7.)  We conclude that the trial court erred by failing to conduct a hearing on the motion and accordingly reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Appellant was charged with two counts of second degree robbery in violation of section 211.  In December 1997, appellant pleaded no contest to both counts.  The court found a factual basis for the plea.  It sentenced appellant to a total of four years in state prison, consisting of the mid-term of three years on the first count plus one-third the mid-term on the second count, to be served consecutively.

In October 2023, long after appellant had been released from prison, appellant, through counsel, moved pursuant to section 1473.7 to vacate his conviction.  He asserted that, when he entered into the plea, he did not understand the immigration consequences and that neither the trial court nor his attorney advised him that his plea would result in mandatory deportation and permanent exclusion from the United States.

Appellant's declaration accompanying his motion stated that he was born in El Salvador in 1971 and emigrated to the United States when he was about 18 years old, where he was granted lawful permanent residency.  Each of his eight siblings, as well as his elderly father, are citizens of the United States and continue to reside in California.  Appellant declared that, after his 1997 arrest, he was pressured by his attorney to take the plea deal without discussion of the deportation consequences.  Immediately after appellant's release from prison, he was transferred to immigration authorities and deported to El Salvador, where he has been living since.  Appellant stated that he has never attempted to enter the United States unlawfully.  Finally, appellant declared that, if he had understood that

---

[1] Undesignated statutory references are to the Penal Code.

his conviction required mandatory deportation and that he would be separated from his family, he would not have pleaded to the charges and instead would have "requested that my defense attorney seek an immigration safe plea or take this case to trial."

At the initial hearing date on appellant's section 1473.7 motion the trial court continued the hearing to allow appellant additional briefing on the issues of whether a hearing could be held without appellant's presence, as well as subsequent procedure should the motion be granted.

Following appellant's submission of additional briefing, the trial court summarily denied appellant's motion on January 2, 2024. The court stated, "I'm not going to rule on this motion without the defendant being here," giving the reason, among others, that in similar motions previously before the court, there was "something factually significantly wrong with the declarations that [were] filed." The court continued: "The declarations are generally drafted by lawyers and are extraordinarily self-serving and I don't believe that it would be appropriate to act on this motion without [appellant] being here, particularly in a case as serious as this is, to allow an—an opportunity to allow the People to cross-examine him and to determine whether the allegations in the motion are substantiated and accurate." The court concluded that it was denying the motion "without prejudice to [appellant] being brought to court."

## DISCUSSION

Before examining the correctness of the trial court's order, we first address the issue of appealability. In summarily denying appellant's section 1473.7 motion, the trial court stated the denial was "without prejudice." Generally, a denial order made without prejudice is not appealable, since the motion can simply be renewed. (See *In re Tomi C.* (1990) 218 Cal.App.3d 694, 697; *People v. Cress* (2023) 87 Cal.App.5th 421, 425.) A trial court's characterization of its own order

3

as "without prejudice," however, "is not controlling." (*In re Lauren P.* (1996) 44 Cal.App.4th 763, 768.)

Here, the trial court's characterization of the denial as "without prejudice to [appellant] being brought to court" was functionally meaningless. Appellant was not in court—and there was no possibility of appellant being physically present for the hearing in the foreseeable future—because he had been deported due to the conviction he sought to vacate. As explained in appellant's briefing to the trial court, if appellant attempted to illegally reenter for the purpose of attending the hearing (no basis for legal entry being apparent), he faced up to 20 years in federal prison. (See 8 U.S.C. § 1326(b).) Given these circumstances, in which appellant's physical presence at the hearing was for all practical purposes impossible, the trial court's order was effectively final. The order thus immediately affects appellant's substantial rights and is appealable pursuant to statute. (Pen. Code, § 1473.7, subd. (f) ["An order granting or denying the motion is appealable under subdivision (b) of Section 1237 as an order after judgment affecting the substantial rights of a party"].)

Turning to the focus of the appeal, appellant contends, and respondent agrees, that the trial court erred by denying the section 1473.7 motion without a hearing. Appellant's motion was brought pursuant to section 1473.7, subdivision (a)(1), which provides: "(a) A person who is no longer in criminal custody may file a motion to vacate a conviction or sentence for any of the following reasons: (1) The conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence." The statute is retroactive and applies to persons convicted or sentenced before its effective date of January 1, 2017, if the statutory requirements are met. (*People v. Perez* (2018) 19 Cal.App.5th 818, 820–821, 827–828.)

4

The statute further specifies, "*All motions shall be entitled to a hearing.* Upon the request of the moving party, the court may hold the hearing without the personal presence of the moving party provided that it finds good cause as to why the moving party cannot be present." (§ 1473.7, subd. (d), italics added.) This "plain language" entitles the moving party to a hearing. (*People v. Fryhaat* (2019) 35 Cal.App.5th 969, 977 (*Fryhaat*); see also *People v. Singh* (2022) 81 Cal.App.5th 147, 154 ["Every qualifying defendant filing a section 1473.7 motion is entitled to a hearing on the merits of the motion"].)

The record demonstrates that appellant was deprived of the hearing mandated by section 1473.7, subdivision (d). The trial court declined to hold a hearing "without the defendant being here," meaning, being physically present in court. This order violated the statutory entitlement to a hearing set out in section 1473.7, subdivision (d).

Furthermore, there was ample reason to hold the hearing without appellant's personal presence. In his briefing to the trial court, appellant affirmatively requested that the hearing be held even though he could not be personally present. Given appellant's request, the trial court was obligated to determine whether "good cause" excused appellant's personal presence at the hearing. (§ 1473.7, subd. (d).) The trial court did not undertake this required examination, simply denying the motion because appellant was not present.

If the trial court had considered the issue, there is no likelihood that the court could have found an absence of good cause excusing appellant's physical presence. In *Fryhaat, supra,* the appellate court found that a defendant in federal immigration custody could not "be personally present" at a section 1473.7 hearing, and that "good cause exist[ed]" to excuse his presence. (35 Cal.App.5th at pp. 983–984.) In this case, appellant is unable to legally attend the hearing because he

5

has been deported.[2]  That is "good cause" for why appellant "cannot be present."  (§ 1473.7, subd. (d).)

Accordingly, we reverse the order denying appellant's motion to vacate his conviction and remand for a hearing pursuant to section 1473.7, subdivision (d).

## DISPOSITION

The trial court's order denying appellant's Penal Code section 1473.7 motion is reversed and the matter is remanded for further proceedings.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

CHAVEZ, J.

RICHARDSON, J.

---

[2] To the extent the trial court believed that appellant's presence may be necessary for purposes of cross-examination if a hearing was held, the court could have considered the suitability of his being present remotely.  (§ 977.)  Appellant, in his briefing to the trial court, offered to appear remotely via a videoconferencing platform, but the court did not consider the offer.