[No. D016356. Fourth Dist., Div. One. May 21, 1992.]

ALLEN M., Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES et al.,
Real Parties in Interest.

## COUNSEL

Loren I. Mandel, Public Defender, Eliseo Sisneros and Jesse Gilbert, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Lloyd M. Harmon, Jr., County Counsel, Susan Strom, Chief Deputy County Counsel, Richard Songer and Gary C. Seiser, Deputy County Counsel, and Roland Simoncini for Real Parties in Interest.

Francis J. Bardsley, Public Defender, Ana Espana, Susan M. Gaskins and Terence G. Cady, Deputy Public Defenders, for Minors.

Robert C. Fellmeth and Kathleen Murphy Mallinger as Amici Curiae on behalf of Minors.

## OPINION

BENKE, J.—The question presented in this case is whether the Department of Social Services has an absolute right to dismiss a dependency petition over the objection of the minor. We conclude that in such circumstances, the juvenile court must determine whether dismissal is in the interests of justice and the welfare of the minor. Accordingly, we deny the father's petition seeking extraordinary relief. The stay of proceedings is vacated upon issuance of the remittitur.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 1992, the Department of Social Services (Department) filed a petition pursuant to Welfare and Institutions[1] Code section 300, subdivision (d) alleging Allen M. sexually abused his three-year-old daughter, Estelle B.[2] Jurisdiction over Allen's two-year-old daughter, Taquietta M., was based upon the abuse of her sister. (§ 300, subd. (j).) The court detained the girls outside the home, ordering liberal visitation for their mother, Jeanette B.,[3] and no contact for Allen.

The Department again petitioned on February 26. This second petition was also filed pursuant to section 300, subdivision (b), alleging the girls were at risk because they were exposed to violent physical confrontations between their parents, and Allen had dropped Taquietta. That petition also alleged Allen abused alcohol and was unable to provide regular care for the girls.

At a readiness hearing on February 27 the Department orally moved to dismiss the sexual abuse petition. Upon the objection of minors' counsel, the court set the matter for a hearing the following day.

The Department explained it wished to dismiss the initial petition because it had concluded Estelle was incompetent to testify and there was insufficient

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2]The petition alleged the sexual abuse "consisted of, but was not limited to, digital vaginal and [penile]-vaginal touching. . . ."

[3]Jeanette does not join in this petition.

evidence to sustain the petition. The Department noted the parents "have indicated a willingness to admit to [the section 300, subdivision (b)] petition." Minors' counsel opposed the dismissal based on the factual allegations in the petition and his conversations with both the social worker and Estelle. In denying the motion, the court stated:

"[T]o out-of-hand grant the motion to dismiss the [section] 300[, subd.] (d), proceed as to the new petition, allow the parties to proceed forward with a submission or no contest on that would, in essence, be the same as ignoring what issues may have been caused to arise in the mind of [minors' counsel] and his representation of the minor[s]. I don't think that is a balanced way of looking at the case. . . . [Minors counsel] will have the obligation to proceed forward. Department has made its position known. It will not be pursuing that petition throughout that proceeding.

"It may be a rarity in this court that we have the Department siding with the parents in this case."

 Allen seeks a writ of mandate, arguing the minors' counsel lacks standing to object to the dismissal, and thus, may not "step into the shoes" of the Department to prosecute the dependency petition. He further urges that the Department may unilaterally dismiss a petition. Allen claims minors' counsel has a remedy of applying to the Department for initiation of yet another petition under section 329.[4]

Relying on California Rules of Court,[5] rule 1406 and *In re Tomi C.* (1990) 218 Cal.App.3d 694 [267 Cal.Rptr. 210], the Department argues it acts as "an arm of the state" and has the discretion to dismiss a petition.

---

[4]Section 329 provides "Whenever any person applies to the probation officer to commence proceedings in the juvenile court, such application shall be in the form of an affidavit alleging that there was or is within the county, or residing therein, a minor within the provisions of Section 300, and setting forth facts in support thereof. The probation officer shall immediately make such investigation as he deems necessary to determine whether proceedings in the juvenile court should be commenced. If the probation officer does not take action under Section 330 and does not file a petition in the juvenile court within three weeks after such application, he shall endorse upon the affidavit of applicant his decision not to proceed further and his reasons therefor and shall immediately notify the applicant of the action taken or the decision rendered by him under this section. The probation officer shall retain the affidavit and his endorsement thereon for a period of 30 days after such notice to applicant."

Section 331 provides "When any person has applied to the probation officer, pursuant to Section 329, to commence juvenile court proceedings and the probation officer fails to file a petition within three weeks after such application, such person may, within one month after making such application, apply to the juvenile court to review the decision of the probation officer, and the court may either affirm the decision of the probation officer or order him to commence juvenile court proceedings."

[5]All rule references are to the California Rules of Court.

Minors' counsel on the other hand, asserts he must participate as necessary to protect Estelle's and Taquietta's interests pursuant to section 317, subdivision (e). Underlying his position is the premise that it is the court which has the duty to ascertain what is best for the welfare of the children pursuant to section 350, and further, that the application procedure under section 329 is unworkable here. We issued an order to show cause and stayed the proceeding pending our review.[6]

### DISCUSSION

Rule 1406 states "[t]he social worker or probation officer shall have the sole discretion whether to file a petition under section 300."[7] It does not confer equal discretion to dismiss a petition. Once the Department files a petition, it has exercised that discretion. It cannot invoke and then divest the court of jurisdiction.

There are, of course, situations which will arise wherein it will be discovered that a petition has been filed in error. Facts may come to light which make dismissal entirely proper. An overview of pertinent statutory authority, however, leads us to conclude it is the court which must make that determination. We note in this respect, that section 390 authorizes dismissal of a petition "if the court finds that the interests of justice and the welfare of the minor require the dismissal, and that the parent or guardian of the minor is not in need of treatment or rehabilitation." (See *In re Richard H.* (1991) 234 Cal.App.3d 1351, 1362 [285 Cal.Rptr. 917].) The court may also dismiss a petition without prejudice for lack of verification. (§ 333.)

Section 350, subdivision (a) further charges the court with "expeditious and effective ascertainment of the jurisdictional facts and the ascertainment of all information relative to the present condition and future welfare of the person upon whose behalf the petition is brought." The court must "take whatever appropriate action is necessary to fully protect the interests of the minor." (§ 317, subd. (e).)

Here, the court could not determine the facts relative to the welfare of Estelle and Taquietta based solely upon the Department's assessment that the

---

[6] The Department requested the jurisdictional hearing on the section 300, subdivision (b) petition proceed, to avoid delaying reunification services. By order dated April 1, 1992, we directed the juvenile court to hold the jurisdictional hearing on the neglect petition only.

[7] Exceptions to that discretion, inapplicable here, are after the court has ordered the petition be filed (§ 331), or where the probation officer is ordered to supervise the child's in-home placement and the social worker learns of further "acts or circumstances" to bring the child within subdivision (a), (d) or (e) of section 300 (§ 364, subd. (e)). The Department also has the ability to settle a matter at "intake" (rule 1405), or place the matter under informal supervision (rule 1404(e)).

evidence in support of the petitions was weak or insufficient. Sufficiency of the evidence is a legal question, not a matter for the discretion of the Department.

■ We conclude that when the Department wishes to dismiss a petition (or one of several bases for jurisdiction) it must notify all interested persons in order to afford each the opportunity to object and be heard. If a parent or minor does object, resolution of the matter is properly by an order to show cause hearing requiring the Department to establish why the petition should be dismissed. The evidence may be presented by declaration and, if necessary, by testimony. Although the court may accord great deference to the Department's expertise, the primary focus of the court is the determination of whether dismissal is in the interests of justice and the welfare of the minor. On that basis the court may either grant the dismissal or order the Department to proceed with the petition.

■ The Department argues the only limitation by way of judicial review is whether the Department acted in an arbitrary or capricious manner.[8] Such a standard of review, however, shifts the primary dismissal function which is statutorily vested in the trial court, to the Department.

While we are sympathetic to orderly process, we are admittedly uncomfortable subordinating judicial review to bureaucratic review. Our discomfort is heightened where, as here, the dismissal request is offered, albeit informally, in the context of a negotiated plea. Under these circumstances, the court properly concluded it must ensure the agreement between the Department and Allen did not compromise the children's welfare.

The contention minors' counsel will "step into the shoes" of the Department is a misconception. By presenting evidence, minors' counsel does not become "the prosecutor." Section 317, subdivision (e) charges counsel with presenting evidence and a variety of other acts of representation:

". . . counsel shall make such further investigations as he or she deems necessary to ascertain the facts, including the interviewing of witnesses, and

---

[8]We conclude *In re Tomi C.*, *supra*, 218 Cal.App.3d 694, upon which the Department relies, is not controlling on the issue before us. There, the juvenile court granted a motion to dismiss a dependency petition without prejudice after hearing evidence the children's mother was an appropriate care provider and had been awarded custody of the children in family law proceedings. The court surmised the father would not regain custody, regardless of a favorable outcome in juvenile court, and suggested the father could later apply to the probation officer to initiate proceedings if he believed the mother was unfit. The issue before the court was the appealability of the dismissal. We disagree with dicta in *Tomi C.* to the extent it may be interpreted as granting sole dismissal discretion to the Department.

he or she shall examine and cross-examine witnesses in both the adjudicatory and dispositional hearings; he or she may also introduce and examine his or her own witnesses, make recommendations to the court concerning the minor's welfare, and participate further in the proceedings to the degree necessary to adequately represent the minor. . . ." Additionally section 350, subdivision (c) specifically provides at any hearing where the Department has not carried its burden of proof, minors' counsel "may offer evidence without first having reserved that right" before any order is made. The refusal to permit minor's counsel to present evidence is inconsistent with the mandate to fully protect the interest of the minor. (*Guadalupe A.* v. *Superior Court* (1991) 234 Cal.App.3d 100, 107 [285 Cal.Rptr. 570].) We view the legislative scheme as affording minor's counsel great latitude in presenting pertinent information to the court so as to assure the most appropriate resolution for the minor.

The application procedure under section 329, with subsequent judicial review upon the Department's refusal to file a petition, would be circuitous and a waste of resources here where the Department has already made clear it will not pursue the section 300, subdivision (d) petition.

In summary, we conclude judicial review of a dismissal is critical to protect the welfare of the minor. It also affords protection to parents where, as here, dismissal is offered in the context of a negotiated plea. Ultimately, when the court denies a motion to dismiss it orders the Department to fulfill its obligations by proceeding on the petition. We conclude the court properly set the matter for a contested jurisdictional hearing.

## DISPOSITION

The petition is denied. The stay issued March 25, 1992, is vacated upon issuance of the remittitur.

Wiener, Acting P. J., and Froehlich, J., concurred.

A petition for a rehearing was denied June 22, 1992, and petitioner's application for review by the Supreme Court was denied July 16, 1992. Mosk, J., was of the opinion that the application should be granted.