44 Cal.App.4th 763 (1996)
52 Cal. Rptr.2d 170
In re LAUREN P., a Person Coming Under the Juvenile Court Law.
RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, Plaintiff and Respondent,
v.
CORALEE T., Defendant and Appellant;
DANIEL P., Defendant and Respondent.
Docket No. E015548.
Court of Appeals of California, Fourth District, Division Two.
April 17, 1996.
*765 COUNSEL
Donna L. Groman, under appointment by the Court of Appeal, and Rick M. Stein for Defendant and Appellant.
William C. Katzenstein, County Counsel, and Tanya E. Galvan, Deputy County Counsel, for Plaintiff and Respondent.
Konrad S. Lee, under appointment by the Court of Appeal, for Defendant and Respondent.
Mary Elizabeth Handy, under appointment by the Court of Appeal, for Minor.
[Opinion certified for partial publication.[*]]
OPINION
RICHLI, J.
In this juvenile dependency proceeding, the juvenile court dismissed two successive petitions alleging that Daniel P. (Dan P.) had sexually abused his daughter, Lauren P. Each time, the juvenile court found insufficient evidence of the alleged sexual abuse. Coralee T., Lauren's mother, appeals from the dismissal of the second petition. The department of public social services (DPSS), although it did not itself appeal, supports Coralee's position. Both Dan and Lauren do not; they urge us to affirm.
Initially, we questioned the appealability of the dismissal order. In the published portion of this opinion, however, we hold that the order was indeed appealable, and that Coralee is sufficiently aggrieved by it to have standing. In the unpublished portion, we hold that dismissal of the petition is supported by substantial evidence. Hence, we will affirm.

I

PROCEDURAL BACKGROUND
On February 15, 1994, DPSS filed a juvenile dependency petition with respect to Lauren. As against Dan, it alleged sexual abuse (Welf. & Inst. Code, § 300, subd. (d)); as against Coralee, it alleged failure to supervise and protect (Welf. & Inst. Code, § 300, subd. (b))  specifically, that Coralee *766 "may not be able to protect the minor due to attempts by father to gain custody through Family Law Court."
On February 16, 1994, at a detention hearing, Dan denied the allegations against him; Coralee admitted the allegations against her.
Beginning on March 23, 1994, the juvenile court, Commissioner Cornelia Hartman presiding, held a contested jurisdictional hearing. On March 28, 1994, it found insufficient evidence to sustain the petition, and it therefore granted Dan's motion to dismiss the entire petition.
On April 29, 1994, DPSS filed a subsequent petition. (Welf. & Inst. Code, § 342.)[1] Like the original petition, it alleged sexual abuse against Dan, and failure to supervise and protect against Coralee; however, the specific instances of sexual abuse it alleged all occurred in April 1994, immediately following the dismissal of the original petition.
At a jurisdictional hearing on July 27, 1994, the subsequent petition was amended by stipulation. As amended, the sole alleged basis for dependency jurisdiction was that "irreconcilable differences" between Dan and Coralee had "placed their daughter, Lauren, at risk for emotional or sexual abuse...." Both Dan and Coralee admitted this allegation.
At a dispositional hearing on September 26, 1994, Dan was allowed to withdraw his stipulation to amend the petition. A new jurisdictional hearing was set on the allegations of the subsequent petition as originally filed.
*767 Beginning on October 31, 1994, the juvenile court, Thomas N. Douglass, Jr., presiding,[2] held a contested jurisdictional hearing. On November 14, 1994, it found the allegations of the petition untrue, and it dismissed the entire petition "without prejudice."
On December 27, 1994, Coralee filed a timely notice of appeal.

II

FACTUAL BACKGROUND[*]
.... .... .... .... .... .... .... .

III

APPEALABILITY AND STANDING
(1a) Shortly after this appeal was filed, we questioned whether the order dismissing the petition was appealable, and if so, whether Coralee was aggrieved by it so as to have standing to appeal. We asked Coralee to submit a letter brief addressing these issues; after we received it, we reserved the question for decision together with the merits of the appeal. We invited the parties to discuss appealability and standing in their briefs.
In her opening brief, Coralee contends that the order was appealable, and that she does have standing. Interestingly, the other parties do not disagree; indeed, Lauren specifically concedes that the order was appealable. Although we believe the issue is not frivolous and deserves discussion, in the end we conclude that respondents have "caved" for good reason.

A. Finality of the Dismissal Order.

(2) A "judgment" in a juvenile dependency proceeding "may be appealed from in the same manner as any final judgment...." (Welf. & Inst. Code, § 395.) If the juvenile court dismisses a dependency petition based on insufficiency of the evidence, the dismissal is a final judgment and hence appealable. (In re Sheila B. (1993) 19 Cal. App.4th 187, 195-198 [23 Cal. Rptr.2d 482].) "An order of dismissal constitutes a judgment for all purposes and, as such, is generally appealable." (Id., at p. 197.) Also, such a dismissal is with prejudice, and a final judgment for res judicata purposes. (Ibid.) On the other hand, if the juvenile court dismisses a dependency *768 petition without prejudice and without ruling on the merits, the dismissal is not an appealable order. (In re Tomi C. (1990) 218 Cal. App.3d 694, 697-698 [267 Cal. Rptr. 210].) These principles govern the appealability of dismissal orders in civil actions generally. (See generally, 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 75, pp. 99-100.)
(1b) Here, there would be no question that the dismissal order was appealable, but for the fact that the juvenile court purported to dismiss "without prejudice." Its characterization of its own order, however, is not controlling. It could not preclude review of an otherwise appealable order by labeling it "without prejudice." (Steen v. Board of Civil Service Commrs. (1945) 26 Cal.2d 716, 727-728 [160 P.2d 816] [order denying petition for writ of mandate "without prejudice" was appealable]; United Teachers-L.A. v. Los Angeles Unified School Dist. (1994) 24 Cal. App.4th 1510, 1514-1515, fn. 3 [29 Cal. Rptr.2d 897] [same]; Guenter v. Lomas & Nettleton Co. (1983) 140 Cal. App.3d 460, 465 [189 Cal. Rptr. 470] [order denying class certification "without prejudice" was appealable].)
We hasten to add that we do not believe that was what the juvenile court was trying to do. Obviously it was concerned that, even though it found the proof at the hearing insufficient, Dan might actually have molested Lauren. Evidently it wanted to leave the door open to a new petition alleging similar sexual abuse. The fact remains that the dismissal followed a trial on an issue of fact; hence, it was on the merits and res judicata. (In re Sheila B., supra, 19 Cal. App.4th at p. 197.)

B. Standing to Appeal From the Dismissal Order.

(3) In juvenile dependency proceedings, as in civil actions generally (see Code Civ. Proc., § 902), only a party aggrieved by the judgment has standing to appeal. (In re Gary P. (1995) 40 Cal. App.4th 875, 877 [46 Cal. Rptr.2d 929]; In re Joel H. (1993) 19 Cal. App.4th 1185, 1195-1196 [23 Cal. Rptr.2d 878].) "One is considered `aggrieved' whose rights or interests are injuriously affected by the judgment." (County of Alameda v. Carleson (1971) 5 Cal.3d 730, 737 [97 Cal. Rptr. 385, 488 P.2d 953].)
(1c) It could be argued that the only party aggrieved by dismissal of the petition was DPSS. A juvenile dependency petition can only be filed by a public agency. (Welf. & Inst. Code, § 325; see also Welf. & Inst. Code, § 272.) A parent or other person who believes the agency should file a petition can apply to the agency, showing facts that would support dependency jurisdiction. (Welf. & Inst. Code, § 329.) Then, if the agency fails or refuses to file a petition, the applicant can seek judicial review of its decision. (Welf. & Inst. Code, § 331.)
Once a petition has been filed, however, both parents are entitled to notice of and an opportunity to be heard at all subsequent proceedings. (Welf. & *769 Inst. Code, §§ 302, subd. (b), 349.) At the jurisdictional hearing, the public agency has the burden of proof; if it fails to meet its burden of proof, the juvenile court is statutorily required to dismiss the petition. (Welf. & Inst. Code, § 350, subd. (c); see also Welf. & Inst. Code, §§ 355, 356.) However, it has been held that this statute cannot be applied literally so as to prevent other parties from presenting evidence in support of the petition. (Guadalupe A. v. Superior Court (1991) 234 Cal. App.3d 100, 105-107 [285 Cal. Rptr. 570].) If the agency fails to meet its burden, the trial court must give the other parties an opportunity to supply the evidentiary deficiency. (Id., at p. 107.) "When ruling in dependency proceedings, the welfare of the minor is the paramount concern of the court. [Citation.] ... Consequently, a trial court should not restrict or prevent testimony on formalistic grounds. On the contrary, the court should avail itself of all evidence which might bear on the child's best interest. [Citation.]" (Id., at p. 106.)
We have found only two cases directly pertinent to the standing issue. In the first, In re Tomi C., supra, 218 Cal. App.3d 694, the department of social services filed a petition regarding three siblings which, as amended, alleged that they had been sexually abused by their father. Thereafter, however, the department moved to dismiss the petition. The juvenile court required the department to make a prima facie showing that dismissal was warranted, and hence that it was not exercising its discretion arbitrarily or capriciously. The department introduced evidence that the mother had obtained sole custody of the children in family court shortly before the petition was filed, that she was not involved in the molestation, and that she was an appropriate person to care for the children. Based on this showing, the juvenile court dismissed the petition, without prejudice. (Id., at pp. 696-697 and 696, fn. 2.)
When the father appealed, the minors argued that his appeal should be dismissed. The Court of Appeal agreed, for two reasons. First, it held that the voluntary dismissal, without prejudice, was not a final judgment. (218 Cal. App.3d at pp. 697-698.) Second, it held that the father was not aggrieved: "Even if father could have successfully defended against the allegations in the petition, he could not thereby regain custody of his children since the custody issue had already been decided in family court. Moreover, to the extent father believes mother is unfit to care for the minors, he may make an application to the probation officer to initiate section 300 proceedings. ([Welf. & Inst. Code,] § 329; Cal. Rules of Court, rule 1405(e).)" (Id., at p. 698.)
In the second case, Allen M. v. Superior Court (1992) 6 Cal. App.4th 1069 [8 Cal. Rptr. 259], the department of social services filed a petition regarding two sisters which alleged that one of them had been sexually abused by their father. Later, the department moved to dismiss the petition, explaining that *770 the daughter who had allegedly been molested was incompetent to testify, and there was insufficient evidence to support the petition. Unlike in Tomi C., however, the minors opposed the motion, and the trial court refused to dismiss the petition. (Id., at pp. 1071-1072.)
The father sought a writ of mandate to compel dismissal. He and the department argued that the department had discretion to dismiss a petition unilaterally, and that the minors lacked standing to prosecute the dependency and hence to object to the dismissal. (6 Cal. App.4th at p. 1072.) The Court of Appeal, however, held that the department did not have sole discretion to dismiss the petition. "[W]hen the Department wishes to dismiss a petition ... it must notify all interested persons in order to afford each the opportunity to object and be heard. If a parent or minor does object, resolution of the matter is properly by an order to show cause hearing requiring the Department to establish why the petition should be dismissed.... Although the court may accord great deference to the Department's expertise, the primary focus of the court is the determination of whether dismissal is in the interests of justice and the welfare of the minor. On that basis the court may either grant the dismissal or order the Department to proceed with the petition." (Id., at p. 1074.) "The application procedure under section 329, with subsequent judicial review upon the Department's refusal to file a petition, would be circuitous and a waste of resources here where the Department has already made clear it will not pursue the section 300, subdivision (d) petition." (Id., at p. 1075.)
In a footnote, the court added, "In re Tomi C., supra, 218 Cal. App.3d 694, upon which the Department relies, is not controlling on the issue before us.... The issue before the court was the appealability of the dismissal. We disagree with dicta in Tomi C. to the extent it may be interpreted as granting sole dismissal discretion to the Department." (6 Cal. App.4th at p. 1074, fn. 8.)
We agree with Allen M. that the public agency is not the only party whose interest is affected by the dismissal of a dependency petition. Any parent who takes the position that dependency jurisdiction is warranted is aggrieved by dismissal of the petition. Just as a parent must be permitted to present evidence and to argue in opposition to dismissal below, so such a parent must be allowed to appeal from a dismissal on the merits.
The state's exclusive power to initiate a dependency proceeding does not equate to an exclusive interest in the outcome of the proceeding. "A parent's interest in the companionship, care, custody and management of his children is a compelling one, ranked among the most basic of civil rights." (In re Marilyn H. (1993) 5 Cal.4th 295, 306 [19 Cal. Rptr.2d 544, 851 P.2d 826].) *771 "That some parents `may at times be acting against the interests of their children' ... creates a basis for caution, but is hardly a reason to discard wholesale those pages of human experience that teach that parents generally do act in the child's best interests. [Citation.] The statist notion that governmental power should supersede parental authority in all cases because some parents abuse and neglect children is repugnant to American tradition." (Parham v. J.R. (1979) 442 U.S. 584, 602-603 [61 L.Ed.2d 101, 119, 99 S.Ct. 2493], quoting Bartley v. Kremens (E.D.Pa. 1975) 402 F. Supp. 1039, 1047-1048, vacated and remanded (1977) 431 U.S. 119 [52 L.Ed.2d 184, 97 S.Ct. 1709].) Here, Coralee had a natural interest in obtaining the state's protection for her daughter against future sexual abuse. Dismissal of the petition injuriously affected this interest.
We also agree with Allen M. that Tomi C. must be limited to its facts. First, in Tomi C., the father sought to appeal from dismissal of a petition which alleged wrongdoing by him. Here, by contrast, it is the mother who seeks to appeal from dismissal of a petition alleging wrongdoing by the father. Second, the court in Tomi C. relied on the fact that the juvenile court could not give custody to the father, because the family court had already granted it to the mother; here, custody remained unresolved. Third, the court in Tomi C. reasoned that the father could have applied to the department to file a new petition against the mother, and, if it refused, he could have sought judicial review. Here, however, the dismissal would be res judicata. A party who would be bound by res judicata is sufficiently aggrieved to assert appellate rights. (Life v. County of Los Angeles (1990) 218 Cal. App.3d 1287, 1292 [267 Cal. Rptr. 557]; Leoke v. County of San Bernardino (1967) 249 Cal. App.2d 767, 771 [57 Cal. Rptr. 770].) Coralee must be allowed to appeal, lest she "`suffer the inequity of being bound by the decision without any right of review.'" (Salinero v. Pon (1981) 124 Cal. App.3d 120, 128 [177 Cal. Rptr. 204], quoting Short v. State Compensation Ins. Fund (1975) 52 Cal. App.3d 104, 107 [125 Cal. Rptr. 15].)
We conclude that Coralee is sufficiently aggrieved by the dismissal order to have standing to appeal from it.

IV

THE SUFFICIENCY OF THE EVIDENCE TO SUPPORT DISMISSAL OF THE PETITION[*]
.... .... .... .... .... .... .... .

*772 V

DISPOSITION
The order of dismissal is affirmed.
Hollenhorst, Acting P.J., and McDaniel, J.,[**] concurred.
NOTES
[*] Pursuant to California Rules of Court, rules 976 (b) and 976.1, this opinion is certified for publication with the exception of parts II and IV.
[1] Section 342, governing subsequent petitions, provides that: "In any case in which a minor has been found to be a person described by Section 300 and the petitioner alleges new facts or circumstances, other than those under which the original petition was sustained, sufficient to state that the minor is a person described in Section 300, the petitioner shall file a subsequent petition. This section does not apply if the jurisdiction of the juvenile court has been terminated prior to the new allegations." (Italics added.)

Dan contends that the use of a subsequent petition was improper because the original petition had been dismissed. Coralee, on the other hand, tries to suggest that a subsequent petition was proper. She argues that when she admitted the original petition's allegation against her of failure to protect, Lauren was found to be a person described by section 300, subdivision (b); she further contends that the juvenile court dismissed the original petition only as against Dan, and not as against her.
We believe Dan has the better side of this argument. At the jurisdictional hearing, the juvenile court clearly found there was insufficient evidence of sexual abuse by Dan, and hence insufficient evidence of failure to protect by Coralee. Thus, although it noted that Coralee had admitted the allegations against her, it ruled, "I'm going to dismiss the whole petition."
Dan, however, never objected below to the use of a subsequent petition, and has never argued that it prejudiced him in any way. Accordingly, the error is irrelevant to this appeal.
[2] Commissioner Hartman disqualified herself.
[*] See footnote, ante, page 763.
[**] Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chairperson of the Judicial Council.