[No. G023930. Fourth Dist., Div. Three. Nov. 30, 1999.]

In re CARISSA G., a Person Coming Under the Juvenile Court Law.
ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and
Respondent, v.
ALICIA A., Defendant and Appellant.

732

**COUNSEL**

Kimberly A. Knill, under appointment by the Court of Appeal, for Defendant and Appellant.

Laurence M. Watson, County Counsel, and Amy E. Morgan, Deputy County Counsel, for Plaintiff and Respondent.

Harold LaFlamme and Craig E. Arthur, under appointments by the Court of Appeal, for Minor.

## OPINION

**RYLAARSDAM, J.**—Alicia A., mother of Carissa G., born July 19, 1994, appeals from an order dismissing a juvenile dependency petition after a contested jurisdictional hearing. Mother contends the evidence does not support the dismissal. We conclude she lacks standing to challenge the juvenile court's decision and dismiss the appeal.

### FACTS

Mother and father divorced in 1996. A family law court awarded the parents joint legal custody of minor; mother was granted physical custody and the court authorized visitation with father.

In early 1998, the parents began seeing each other again. During one visit, father took minor to her bedroom to get her to take a nap. Mother claimed that shortly thereafter minor told her, "Daddy touched my vagina," but would not give any further details. She told father what minor had said and he denied the incident occurred. Several days later, minor repeated the allegation. Mother contacted father and they agreed to have minor examined by her pediatrician. The pediatrician found everything normal and intact, and did not observe anything suspicious. The parents also took minor to a therapist who handles cases involving sexual abuse.

Father subsequently attempted to take minor for a weekend visit, but mother objected and called the police. Ultimately, father agreed not to exercise his visitation rights. The parents filed ex parte requests with the family law court concerning custody and visitation. When the family law court declined mother's request to limit father's visitation, she contacted the Orange County Social Services Agency (SSA).

SSA commenced an investigation, which included several interviews of minor, and filed the petition in this proceeding. The petition alleged father sexually abused minor on one occasion and mother "failed to heed" minor's complaint "following the . . . incident." (Welf. & Inst. Code, § 300, subd. (d); all further statutory references are to the Welfare and Institutions Code

unless otherwise noted.) SSA recommended the juvenile court declare minor a dependent and proposed a case plan which, in part, required both parents to participate in counseling and complete parenting classes.

Throughout the proceedings, father denied improperly touching minor. After a contested jurisdictional hearing, the juvenile court dismissed the petition, citing the absence of "physical findings" indicating minor had been sexually abused, and the fact "a split situation" existed concerning "what [minor] said and when she said it and what she said to different people [in] different settings" to support its ruling.

## DISCUSSION

The sole claim raised by mother is that the evidence fails to support the juvenile court's dismissal of the petition. But preliminarily, we must determine whether she has standing to challenge the court's decision. Although none of the parties initially raised the latter issue, at our request they have briefed and argued the matter.

Generally, a parent can appeal the judgment in a juvenile dependency matter. (Cal. Rules of Court, rule 1435(b); *In re Gary P.* (1995) 40 Cal.App.4th 875, 877 [46 Cal.Rptr.2d 929].) But as in any appeal the parent must also establish he or she is a "party aggrieved" to obtain a review of a ruling on its merits. (Code Civ. Proc., § 902; *In re Gary P., supra,* 40 Cal.App.4th at p. 877; *In re Vanessa Z.* (1994) 23 Cal.App.4th 258, 260-261 [28 Cal.Rptr.2d 313].) To be aggrieved, a party must have a legally cognizable immediate and substantial interest which is injuriously affected by the court's decision. A nominal interest or remote consequence of the ruling does not satisfy this requirement. (*County of Alameda* v. *Carleson* (1971) 5 Cal.3d 730, 737 [97 Cal.Rptr. 385, 488 P.2d 953]; *Schmidt* v. *Retirement Board* (1995) 37 Cal.App.4th 1204, 1209 [44 Cal.Rptr.2d 297]; *Leoke* v. *County of San Bernardino* (1967) 249 Cal.App.2d 767, 770-771 [57 Cal.Rptr. 770].)

A conflict currently exists in the case law concerning whether a parent has standing to appeal an order dismissing a juvenile dependency petition after a contested jurisdictional hearing. In *In re Tomi C.* (1990) 218 Cal.App.3d 694 [267 Cal.Rptr. 210], a social services agency filed a petition alleging a father had sexually molested his children. Before the jurisdictional hearing, a family law court awarded custody of the minors to their mother. Thereafter, the juvenile court granted the agency's motion to dismiss the petitions without prejudice. The father appealed, but the Court of Appeal dismissed the appeal concluding, in part, that he lacked standing to challenge

the ruling. "Even if father could have successfully defended against the allegations in the petition, he could not thereby regain custody of his children since the custody issue had already been decided in family court. Moreover, to the extent father believes mother is unfit to care for the minors, he may make an application to the probation officer to initiate section 300 proceedings. (§ 329; Cal. Rules of Court, rule 1405(e).) Furthermore, if the probation officer fails to initiate the proceedings within three weeks after such application, father may apply to the juvenile court to review the decision of the probation officer. (*Ibid.*) The juvenile court is then empowered to affirm the probation officer's decision or order him to commence juvenile court proceedings. (§ 331.) Therefore, we hold that father is not aggrieved by the dismissal . . . . [Citations.]" (*Id.* at p. 698.)

But recently, Division Two of this district reconsidered the standing question and disagreed with *Tomi C.* In *In re Lauren P.* (1996) 44 Cal.App.4th 763 [52 Cal.Rptr.2d 170], the parents were divorced and the mother had custody of the minor. A social services agency filed a juvenile dependency petition alleging the father had sexually molested the child. After a contested jurisdictional hearing the court dismissed the petition without prejudice. The mother appealed the judgment.

On the standing issue, *Lauren P.* recognized the general rule that only an aggrieved party has standing to appeal (*In re Lauren P., supra,* 44 Cal.App.4th at p. 768), but concluded the mother satisfied this requirement. "We agree . . . that the public agency is not the only party whose interest is affected by the dismissal of a dependency petition. Any parent who takes the position that dependency jurisdiction is warranted is aggrieved by dismissal of the petition. Just as a parent must be permitted to present evidence and to argue in opposition to dismissal below, so such a parent must be allowed to appeal from a dismissal on the merits. [¶] The state's exclusive power to initiate a dependency proceeding does not equate to an exclusive interest in the outcome of the proceeding. 'A parent's interest in the companionship, care, custody and management of his children is a compelling one, ranked among the most basic of civil rights.' [Citation.] 'That some parents "may at times be acting against the interests of their children" . . . creates a basis for caution, but is hardly a reason to discard wholesale those pages of human experience that teach that parents generally do act in the child's best interests. [Citation.] The statist notion that governmental power should supersede parental authority in *all* cases because *some* parents abuse and neglect children is repugnant to American tradition.' [Citations.] Here, [mother] had a natural interest in obtaining the state's protection for her daughter against future sexual abuse. Dismissal of the petition injuriously affected this interest." (*Id.* at pp. 770-771.)

We find ourselves in accord with *Tomi C.* Here, as in that case, the juvenile court's dismissal of the petition did not alter minor's custody status. Even had the juvenile court sustained the petition, SSA's proposed case plan would have altered that status only slightly by limiting father to monitored visitation. The dismissal in fact eliminated the necessity for mother to participate in counseling and parenting classes. Nor is a parent left without a remedy in this situation. Issues concerning custody and visitation can also be dealt with in a family law proceeding. Indeed, here mother contacted SSA only after the family law court denied an ex parte request to limit father's visitation.

The fact that the parties litigated father's alleged molestation of minor in the juvenile court does not bar mother from seeking relief in a family law proceeding. ■ Generally, "[a] person who would be bound by the doctrine of res judicata, whether or not a party of record, is a party sufficiently aggrieved to entitle him to appeal. [Citations.]" (*Leoke* v. *County of San Bernardino, supra,* 249 Cal.App.2d at p. 771; see also *Marsh* v. *Mountain Zephyr, Inc.* (1996) 43 Cal.App.4th 289, 295 [50 Cal.Rptr.2d 493].) But one requirement for the application of this doctrine is the existence of an identical issue necessarily decided in a previous action. (*In re Joshua J.* (1995) 39 Cal.App.4th 984, 993 [46 Cal.Rptr.2d 491].) "[T]he 'issues' before the family law court and juvenile court can never, in fact, be 'identical,' even if some or all of the facts of abuse or neglect adduced in the two proceedings are the same, because of the important differences between the purposes and operations of the two courts, and the state's overriding concern for the protection of the children." (*In re Travis C.* (1991) 233 Cal.App.3d 492, 502 [284 Cal.Rptr. 469]; see also *In re Desiree B.* (1992) 8 Cal.App.4th 286, 291-293 [10 Cal.Rptr.2d 254]; *In re Benjamin D.* (1991) 227 Cal.App.3d 1464, 1470 [278 Cal.Rptr. 468].)

■ In addition, we cannot agree with *Lauren P.*'s reasoning. Mother concededly has a fundamental right to parent minor. But the juvenile court's dismissal of the petition did not impact that right.

While parents are entitled to appear and participate in a juvenile dependency action, the proceeding is initiated by the state, under the theory of *parens patriae*, to protect a minor from abuse or neglect as defined by section 300. (§ 300.2; *In re Benjamin D., supra,* 227 Cal.App.3d at pp. 1469-1470, 1472; *In re William T.* (1985) 172 Cal.App.3d 790, 798 [218 Cal.Rptr. 420].) Thus, the mere fact a parent takes a position on a matter at issue in a juvenile dependency case that affects his or her child does not alone constitute a sufficient reason to establish standing to challenge an adverse ruling on it. Numerous decisions in the juvenile dependency context

support this conclusion. (*In re Devin M.* (1997) 58 Cal.App.4th 1538, 1541 [68 Cal.Rptr.2d 666] [parent cannot attack termination of parental rights on the ground it severed minor's relationship with his foster family]; *In re Jasmine J.* (1996) 46 Cal.App.4th 1802, 1806-1807 [54 Cal.Rptr.2d 560] [parent cannot attack termination of parental rights because the social services agency's placement recommendation failed to keep minor with her siblings]; *In re Nachelle S.* (1996) 41 Cal.App.4th 1557, 1560 [49 Cal.Rptr.2d 200] [parent cannot seek remand of judgment terminating parental rights to provide for visitation with minor's siblings]; *In re Gary P., supra,* 40 Cal.App.4th at pp. 876-877 [parent cannot attack judgment terminating parental rights on ground it would sever the children's ties with their maternal grandmother]; *In re Daniel D.* (1994) 24 Cal.App.4th 1823, 1835-1836 [30 Cal.Rptr.2d 245] [parent lacked standing to challenge the denial of de facto parent status sought by a relative]; *In re Vanessa Z., supra,* 23 Cal.App.4th at pp. 260-261 [same].)

Furthermore, *Lauren P.*'s suggestion parents may present evidence supporting a petition where the public agency fails to introduce sufficient evidence to meet its burden of proof (*In re Lauren P., supra,* 44 Cal.App.4th at p. 769) is incorrect. Section 350, subdivision (c) declares that "[a]t any hearing in which the probation department bears the burden of proof, after the presentation of evidence on behalf of the probation department and the minor has been closed, the court, on motion of the minor, parent, or guardian, or on its own motion, shall order whatever action the law requires of it if the court, upon weighing all of the evidence then before it, finds that the burden of proof has not been met. That action includes . . . the dismissal of the petition . . . . If the motion is not granted, the parent . . . may offer evidence without first having reserved that right." (See also Cal. Rules of Court, rule 1412(d).)

*In re Eric H.* (1997) 54 Cal.App.4th 955 [63 Cal.Rptr.2d 230] considered whether the juvenile court erred by dismissing a petition at the request of the social services agency and the minor without allowing the mother to introduce evidence in support of it. The appellate court affirmed the juvenile court's ruling and questioned the validity of *Lauren P.*'s contrary suggestion. "The language of the statute is clear. The court is not precluded from hearing evidence from a parent 'on behalf of the minor,' but the parent has a right to present evidence only if the motion to dismiss is denied. [¶] In addition, under the maxim *expressio unius est exclusio alterius*—the expression of some things in a statute necessarily means the exclusion of other things not expressed—[citation], we can infer that the Legislature's designation of the minor's right to present evidence in section 350(c) was intended to be exclusive. Under this principle, the parent has no right to present evidence in

support of a dependency petition if the trial court grants the motion to dismiss upon receiving evidence from the Agency and the minor." (*Id.* at p. 965.)

For the foregoing reasons, we conclude mother lacks standing to appeal the juvenile court's dismissal of the juvenile dependency petition in this case.

## DISPOSITION

The appeal is dismissed.

Crosby, Acting P. J., and Bedsworth, J., concurred.

A petition for a rehearing was denied December 17, 1999, and appellant's petition for review by the Supreme Court was denied February 16, 2000. Mosk, J., was of the opinion that the petition should be granted.