Filed 10/16/20  In re K.M. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re K.M. et al, Persons Coming Under the Juvenile Court Law. | B300861 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff,<br><br>    v.<br><br>MELANIE M.,<br><br>    Defendant and Appellant;<br><br>MATTHEW M.,<br><br>    Defendant and Respondent. | Los Angeles County Super. Ct. No. 19LJJP00055A-C |

APPEAL from an order of the Superior Court of Los Angeles County, Jessica A. Uzcategui, Judge. Dismissed.

Paul A. Swiller, under appointment by the Court of Appeal, for Defendant and Appellant.

Pamela Rae Tripp, under appointment by the Court of Appeal, for Defendant and Respondent.

No appearance by Plaintiff.

## INTRODUCTION

In this dependency case, the juvenile court found jurisdiction over minors K.M., R.M., and A.M. under Welfare & Institutions Code section 300, subdivisions (b) and (d), based upon its findings that father failed to properly care for the minors and that father had sexually abused K.M. on one occasion.[1] Although all three minors had been detained from father at the outset of proceedings, the court returned R.M. and A.M. to the custody of both parents at disposition over the objection of the Department of Children and Family Services (Department), minors' counsel, and mother. The court placed K.M. with mother and ordered unmonitored visitation between father and K.M. on the condition that R.M. and A.M be present during the visitation, also over the objection of the Department, minors' counsel, and mother.

Mother challenges the dispositional order to the extent it returns R.M. and A.M. to father's custody and provides for unmonitored visitation between father and K.M. Because mother lacks standing to challenge those portions of the court's order, we dismiss the appeal.

---

[1] All undesignated statutory references are to the Welfare and Institutions Code.

2

## FACTUAL AND PROCEDURAL BACKGROUND

Mother and father have three children: K.M. (born in 2005), R.M. (born in 2009), and A.M. (born in 2013). At the outset of these proceedings, the couple lived in separate residences and they were in the process of finalizing their divorce. Pursuant to a family court order, mother and father shared custody of the minors equally.

After the minors spent the 2018 Thanksgiving weekend with father, they reported safety concerns to mother. In early January 2019, mother sought and received a temporary restraining order from the family court restricting the minors' visitation with father.[2] The Department also received a referral regarding the minors. In late January 2019, and at the Department's request, the court detained all three children from father and placed them with mother. The Department subsequently filed a petition under section 300, subdivisions (b), (d), and (j).

After a contested adjudication, the court struck mother from the petition. In addition, and as to father only, the court sustained the following amended allegations under section 300, subdivisions (b) and (d):

b-1, d-1: "In or about 2017, the children['s] father, … sexually abused [K.M.] in that the father fondled the child's vagina underneath the child's clothing with the father's hand. Such sexual abuse of the child, [K.M.], by the father endangers

---

[2] The juvenile court assumed jurisdiction over the temporary restraining order and denied mother's request for a permanent restraining order. Mother does not challenge that ruling on appeal.

the child's physical and emotional health and safety and places the child at risk of serious physical and emotional harm, damage, danger, and sexual abuse."

The court sustained two additional amended allegations under section 300, subdivision (b):

b-2: "The children['s] father, … is a recent abuser of alcohol, which renders the father incapable of providing regular care of the children. On or about 11/22/2018 and on prior occasions, the father was under the influence of alcohol when the children were in the father's care and supervision. Said substance abuse by the father endangers the children's physical and emotional health and safety, and places the children at risk of serious physical and emotional harm, damage, and danger."

b-3: "The children['s] father, … created a detrimental and endangering situation for the children in that the father failed to ensure the children were seated in the vehicle with appropriate safety restraints. Such a detrimental and endangering situation established for the children by the father endangers the children's physical and emotional health and safety and places the children at risk of serious physical and emotional harm, damage, danger, and death."

As to disposition, the court placed R.M. and A.M. in the home of both parents under the Department's supervision. The court released the minors to father's custody on condition that father continue to comply with random or on demand drug and alcohol testing and that he test negative for alcohol and all substances. The court ordered K.M. to remain placed with mother. With respect to visitation, the court ordered unmonitored day visits between father and K.M. twice a week for two hours, with discretion to liberalize. The court also ordered that R.M. and

4

A.M. should be present during father's visits with K.M. Mother, minors' counsel, and the Department objected to R.M. and A.M.'s placement with father and unmonitored visitation between father and K.M.

Mother filed this timely appeal. Neither the Department nor the minors appealed.

## DISCUSSION

Mother challenges the court's dispositional order on two bases. First, mother contends that the court's order reinstating shared custody of R.M. and A.M. is unsupported by substantial evidence and should be reversed. Second, mother asserts the court abused its discretion in ordering unmonitored visitation between father and K.M. Father responds that mother lacks standing to raise these issues on appeal because she is not aggrieved by the court's dispositional order. We agree with father.

Parents generally are entitled to appeal orders and judgments issued in juvenile dependency cases. (*In re Carissa G.* (1999) 76 Cal.App.4th 731, 734 (*Carissa G.*).) "But as in any appeal the parent must also establish that he or she is a 'party aggrieved' to obtain review of a ruling on its merits." (*Ibid.*) "To be aggrieved, a party must have a legally cognizable immediate and substantial interest which is injuriously affected by the court's decision. A nominal interest or remote consequence of the ruling does not satisfy this requirement." (*Ibid.*)

Mother contends she is aggrieved by the court's dispositional order because it impacts her custody rights. And as she notes, "[a]ll parents, unless and until their parental rights are terminated, have an interest in their children's 'companionship, care, custody and management … .' (*In re*

5

*Marilyn H.* (1993) 5 Cal.4th 295, 306.) This interest is a 'compelling one, ranked among the most basic of civil rights.' (*Ibid.*)" (*In re K.C.* (2011) 52 Cal.4th 231, 236.) Mother argues that she has been injured by the court's dispositional order because it reduces her custody time with all three children. Additionally, and as to K.M., mother alleges she is aggrieved because the "order also forced Mother to allow Father to spend unsupervised time with [K.M.] in spite of Mother's serious misgivings about such contact."

Initially, we note that prior to these proceedings, the family court awarded mother and father joint custody of the three minors. Thus, as a practical matter, mother's custody rights with regard to R.M. and A.M. have not been diminished by the dispositional order inasmuch as the order preserves the status quo. And as to K.M., mother's custody time has been greatly increased by the dispositional order in relation to the custody rights established by the family court.

In any event, neither parent offers any authority addressing the precise question before us, i.e., whether a parent may be aggrieved by a dispositional order providing for shared physical custody and/or unmonitored visitation between a child and the other parent. Several courts have considered whether a parent is aggrieved by, and may therefore appeal from, an order dismissing a juvenile dependency petition after a contested hearing. That issue sometimes arises in circumstances similar to the present case, i.e., where one parent is accused of abuse and the other parent seeks to protect the child or children from the alleged abuser. There is a split of authority on that issue.

Mother cites *In re Lauren P.*, in which the Court of Appeal held that a mother had standing to appeal the dismissal of the

petition because "[a]ny parent who takes the position that dependency jurisdiction is warranted is aggrieved by dismissal of the petition." (*In re Lauren P.* (1996) 44 Cal.App.4th 763, 770.) The court concluded that "[d]ismissal of the petition injuriously affected" the mother's interest in obtaining the state's protection for her child against future sexual abuse. (*Id.* at p. 771.)

Father directs us to *Carissa G.*, in which the Court of Appeal held that a mother did not have standing to appeal the dismissal of a petition after a contested jurisdictional hearing, rejecting the reasoning of *Lauren P.* (*Carissa G., supra*, 76 Cal.App.4th at p. 733.) The *Carissa G.* court stated that "the mere fact a parent takes a position on a matter at issue in a juvenile dependency case that affects his or her child does not alone constitute a sufficient reason to establish standing to challenge an adverse ruling on it." (*Id.* at p. 736.) Although parents have a " 'natural interest in obtaining the state's protection for [their children] against future sexual abuse,' " (*id.* at p. 735) in a dependency proceeding that interest is vindicated by the state which initiates "the proceeding … under the theory of *parens patriae*, to protect a minor from abuse or neglect as defined by section 300." (*Id.* at p. 736.) Furthermore, the court held that "the juvenile court's dismissal of the petition did not impact" mother['s] "fundamental right to parent minor." (*Ibid.*)

We find the reasoning of *Carissa G.* more persuasive, particularly considering the facts of this case. As noted, prior to these proceedings, the family court awarded mother and father joint custody of the three minors. Thus, mother's custody rights with regard to R.M. and A.M. have not been diminished by the dispositional order. And as to K.M., mother's custody time has been greatly increased by the dispositional order.

To be sure, the dispositional order also allows father to spend unsupervised time with K.M., and mother has serious misgivings about such contact. Ultimately, however, in a contested dependency proceeding the Department assumes a role akin to the prosecutor in a criminal or a juvenile delinquency proceeding, and in this case the Department did not appeal the dispositional order. (See *In re Ashley M.* (2003) 114 Cal.App.4th 1, 7, fn. 3; see also *Scott v. County of Los Angeles* (1994) 27 Cal.App.4th 125, 135 [a child-welfare agency is delegated "quasi-prosecutorial functions" under section 300].) It necessarily follows that mother is not aggrieved by the court's decision to exercise dependency jurisdiction over the minors but to provide a level of protection she believes is inadequate for one of her children.

In sum, mother lacks standing to challenge the court's dispositional order.

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:


EDMON, P. J.


EGERTON, J.